UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Narragansett Pellet Corp.<br><br>V.<br><br>City of East Providence through Its Treasuer, Kevin Fitzgerald; Albert Quattrucci, individually and in his capacity as Building Official of the City of East Providence; Joseph J. Klucznik, individually and in his capacity as Fire Chief of the City of East Providence; and David Rave individually and in his capacities as Fire Captain and Deputy State Fire Marshal; George S. Farrell, in his capacity as State Fire Marshal; and Rene R. Coutu,W. Keith Burlingame, Mark J. Blackburn, Marion C. Filippi, Dana Newbrook, Richard O'Connell, Stewart D. Pearson, Gordon Preiss, and Henry Richard, Jr., in their capacities as members of the Fire Safety Code Board of Appeal and Review; and Thomas B. Coffey, Jr., in his capacity as Executive Director of the Fire Safety Code Board of Appeal and Review | : | C.A. No. 06-464 ML |

ANSWER TO FIRST AMENDED COMPLAINT
BY GEORGE S. FARRELL

Comes now defendant George S. Farrell in his capacity as State Fire Marshal and responds to the First Amended Complaint on file herein as follows:

## General Allegations

1. This defendant lacks information and belief to respond to paragraphs 1 through 74, inclusive, and on that ground denies said allegations.

## Count I

2. This defendant refers to and incorporates paragraph 1, above.

3. Paragraphs 76, 77 and 78 state legal conclusion to which no response is necessary. To the extent they allege facts, they are denied.

4. This defendant lacks information and belief to respond to paragraph 79 and on that ground denies said allegations.

5. Paragraphs 80 and 81 state legal conclusion to which no response is necessary. To the extent they allege facts, they are denied.

6. This defendant lacks information and belief to respond to paragraph 82 and on that ground denies said allegations.

7. Paragraphs 83, 84 and 85 state legal conclusion to which no response is necessary. To the extent they allege facts, they are denied.

8. This defendant lacks information and belief to respond to paragraphs 86 and 87 and on that ground denies said allegations.

9. Defendant denies paragraphs 88, 89 and 90.

10. This defendant lacks information and belief to respond to paragraph 91 and on that ground denies said allegations.

11. Defendant denies paragraph 92, 93, and 94.

Wherefore, defendant prays that the complaint be dismissed and that he be awarded attorney's fees and costs and such further relief as is just.

## Count II

12. This defendant refers to and incorporates paragraph 1 through 11, above.

13. Defendant denies paragraphs 96, 97, 98 and 99.

Wherefore, defendant prays that the complaint be dismissed and that he be awarded attorney's fees and costs and such further relief as is just.

Count III

14. This defendant refers to and incorporates paragraph 1 through 13. above.

15. Defendant denies paragraphs 101, 102, 103, 104 and 105.

Wherefore, defendant prays that the complaint be dismissed and that he be awarded attorney's fees and costs and such further relief as is just.

AFFIRMATIVE DEFENSES

1. This Defendant pleads absolute and qualified immunity as a bar to the within complaint, including all forms of statutory, common law and other immunities.
2. To the extent this Defendant is protected by any statutory, common law and/or sovereign immunity, the 11th Amendment to the United States Constitution bars this action.
3. This Defendant is protected by the $100,000 limit in the Tort Claims Act and is immune from any payment of interest, costs or other monetary awards not expressly authorized therein.
4. This Defendant is protected by the doctrine of Discretionary Immunity.
5. This Defendant is protected by the Public Duty Doctrine.
6. This Defendant is protected by Legislative Immunity.
7. The damages complained of herein were caused by independent intervening acts or omissions of others over whom this Defendant has no control or responsibility
8. This Defendant is entitled to an offset for all sums paid by others up to its maximum liability of $100,000.
9. This defendant is protected by the doctrine of Qualified Immunity.

10. This defendant is protected by the doctrine of Quasi-Judicial Immunity.
11. This Defendant asserts that these plaintiffs have failed to allege a legal duty to them or a casual connection between their alleged injuries and the acts or omissions of this Defendant.
12. Only payment out of unappropriated State funds per the Rhode Island Tort Claims Act, R.I. Gen. Laws § 9-31-5, may satisfy a recovery, if any, in this action and this Defendant is immune from recovery from any other source.
13. This Defendant pleads immunity and relief from liability including, but not limited to those provided by R.I. Gen. Laws § 23-28.2-17.
14. The complaint fails to state a cause of action.
15. Plaintiff failed to mitigate damages.

Respectfully submitted,

DEFENDANT
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

JAMES R. LEE, No. 4305
Assistant Attorney General
150 S. Main St.
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995
Jlee@riag.ri.gov

CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing was mailed postage prepaid on this 23 day of October, 2006, to:

Stephen M. Robinson, Esq.
155 S. Main St., Ste. 402
Providence, RI 02903

Timothy J. Chapman, Esq.
Assistant City Solicitor
City of East Providence
145 Taunton Ave.
East Providence 02914-4505

Carol Collins