UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Narragansett Pellet Corp. | : | |
| | : | |
| V. | : | C.A. No. 06-464 ML |
| | : | |
| City of East Providence through | : | |
| Its Treasuer, et al. | : | |

OBJECTION TO MOTION FOR TEMPORARY RESTRAINING ORDER
BY GEORGE S. FARRELL

Comes now defendant George S. Farrell in his capacity as State Fire Marshal and Objects to Plaintiff's request for a Temporary Restraining Order.

Respectfully submitted,

DEFENDANT
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee
JAMES R. LEE, No. 4305
Assistant Attorney General
150 S. Main St.
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995
Jlee@riag.ri.gov

CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing was sent by electron service, fax or mail to postage prepaid on this 24th day of October, 2006, to:

Stephen M. Robinson, Esq. srobinson@smrobinsonlaw.com

Vicki J. Bejma vbejma@smrobinsonlaw.com

Timothy Chapman, Esq. Tchapman@CityofEastProv.com

/s/ James R. Lee

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Narragansett Pellet Corp. | : | |
| | : | |
| V. | : | C.A. No. 06-464 ML |
| | : | |
| City of East Providence through Its Treasuer, et al. | : | |

MEMORANDUM IN SUPPORT OF
OBJECTION TO MOTION FOR TEMPORARY RESTRAINING ORDER
BY GEORGE S. FARRELL

Comes now defendant George S. Farrell in his capacity as State Fire Marshal and Objects to Plaintiff's request for a Temporary Restraining Order.

From the face of the moving papers it is clear that there is no legal basis to enjoin State Fire Marshal George S. Farrell from protecting the employees, neighbors and those who would have to respond to any disaster at Narragansett Pellet Corp. should a disaster results from their failure to comply with the State Fire Code. Nowhere in the moving documents has, or can, plaintiff allege that he has been issued any permit by the State Fire Marshal. Nowhere in the moving documents has, or can, plaintiff allege that he has had any conversations with the State Fire Marshal wherein he has been given any approval for his proposed operation in violation of the State Fire Code. Most important, nowhere in the moving documents has, or can, plaintiff allege that Narragansett Pellet Corp. has complied with the State Fire Code or that it has protected its employees, neighbors and those who would be forced to respond to any disastrous fire within the

building that fails to comply with the Code requirements imposed on all similarly situated businesses.

In short, plaintiff's position as to the State Fire Marshal is no more than (1) Plaintiff operates a business that does not comply with the State Fire Code, (2) Plaintiff will not comply with the State Fire Code for months, if ever, and (3) this Honorable Court should enjoin the State Fire Marshal from enforcing the State Fire Code because plaintiff wants to open for business. Clearly, there is no legal basis in these facts that show any likelihood of success on the merits, let alone a substantial one.

Plaintiff has conceded that his business is a high hazard operation. Indeed he cannot in good conscious contest that designation. Narragansett Pellet proposes to manufacture a product designed to ignite and burn. As will be shown, there has already been one fire within Narragansett Pellet from a brief testing period manufacture of the pellets.

The State Fire Marshal, as well as the local Assistant Fire Marshals, has a responsibility to ensure compliance with the State Fire Code in Rhode Island. They also have legal authority to approve Code compliance before a hazardous business such as plaintiff's can expose its workers to a substantial risk of harm. For example, R.I. Gen. Laws §23-28.1-6 requires the Fire Marshal to review building plans "prior" to a permit being issued. It also states that a building "shall" comply with the fire code. Such is not the case here.

Additionally, R.I. Gen. Laws § 23-27.3-120.2 states that "No building … shall be occupied or used until" it is certified that the work was done "in accordance with the provisions of … the fire safety code (chapters 28.1 – 28.39 of this title)." No such

certification has or can be made. Therefore, this high hazard business cannot legally be opened and the request to enjoin the State Fire Marshal from lawful performance of his mandatory duties is nothing less than a request to operate in violation of Rhode Island law for one and only one business.

Perhaps most important, plaintiff asks this Honorable Court to enjoin the State Fire Marshal's authority to summarily abate a hazard that presents an immediate danger to life. See plaintiff's Memorandum at 10-11. Plaintiff offers no evidence that his highly hazardous business operating in substantial non-compliance with the State fire code is not an immediate danger to life. Rather, he asserts without any citation that he must be given a "reasonable amount of time" to remedy his clear violations. That is contrary to law and requests that a dangerous and potentially life threatening situation be judicially endorsed contrary to statute. The State Fire Marshal at no time gave approval to anything within Narragansett Pellet and there is no legal basis to restrict his authority to enforce the State Fire Code and to protect human life.

For all of these reasons, the Motion to allow Plaintiff to operate a highly hazardous business in violation of the mandatory State Fire Code must be denied.

Respectfully submitted,

DEFENDANT GEORGE S. FARREL
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ James R. Lee
JAMES R. LEE, No. 4305
Assistant Attorney General
150 S. Main St.
Providence, Rhode Island 02903
(401) 274-4400
Fax No. (401) 222-2995
Jlee@riag.ri.gov

CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing was sent by electron service, fax or mail to postage prepaid on this 24th day of October, 2006, to:

Stephen M. Robinson, Esq. srobinson@smrobinsonlaw.com

Vicki J. Bejma vbejma@smrobinsonlaw.com

Timothy Chapman, Esq. Tchapman@CityofEastProv.com

/s/ James R. Lee