UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NARRAGANSETT PELLET CORP.,

*Plaintiff,*

vs.

C.A. No. 06-464ML

CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD, ALBERT QUATTRICCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Fire Captain and Deputy State Fire Marshal, GEORGE S. FARRELL, in his Capacity as State Fire Marshal, RENE R. COUTU, W. KEITH BURLINGAME, MARK J. BLACKBURN, MARION C. FILIPPI, DANA NEWBROOK, RICHARD O'CONNELL, STEWART D. PEARSON, GORDON PREISS, HENRY RICHARD, JR., in their capacities as members of the FIRE SAFETY CODE BOARD OF APPEAL AND REVIEW and THOMAS B. COFFEY, JR., in his capacity as Executive Director of the Fire Safety Code Board of Appeal and Review

*Defendants.*

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF CITY OF EAST PROVIDENCE, BY AND THROUGH ITS TREASURER, KEVIN J. FITZGERALD, ALBERT QUATTRUCCI, INDIVIDUALLY AND IN HIS CAPACITY AS A BUILDING OFFICIAL OF THE CITY OF EAST PROVIDENCE, JOSEPH J. KLUCZNIK, INDIVIDUALLY AND IN HIS CAPACITY AS FIRE CHIEF OF THE CITY OF EAST PROVIDENCE AND DAVID RAVE, INDIVIDUALLY AND IN HIS CAPACITY AS FIRE CAPTAIN OF THE CITY OF EAST PROVIDENCE FIRE DEPARTMENT**

Now come the defendants, City of East Providence, by and through its Treasurer, Kevin J. Fitzgerald, Albert Quattrucci, individually and in his capacity as a Building Official of the

City of East Providence, Joseph J. Klucznik, individually and in his capacity as Fire Chief of the City of East Providence, and David Rave, individually and in his capacity as Fire Captain of the City of East Providence Fire Department and hereby answers the plaintiff's Amended Complaint as follows:

1. These defendants admit the following paragraphs in that portion of the plaintiff's complaint entitled "General Allegations": 1, 25, 26, 27, 35 and 45.

2. These defendants deny the following paragraphs in that portion of the plaintiff's complaint entitled "General Allegations": 7, 8, 14, 17, 24, 28, 29, 30, 31, 34, 37, 38, 51, 54, 55, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73 and 74.

3. These defendants make no response to the following allegations contained in that portion of the plaintiff's complaint entitled "General Allegations" and leave plaintiff to its proof of same: 2, 3, 4, 5, 6, 9, 10, 11, 12, 16, 20, 21, 22, 23, 32, 33, 39, 43, 44, 48, 49, 56, 58 and 63.

4. These defendants make no response to the following paragraphs because the exhibits and/or other documents cited in said paragraphs speak for themselves, in that portion of the plaintiff's complaint entitled "General Allegations": 13, 41, 42, 46, 47, 52, 53, 57 and 59.

5. These defendants admit that the City of East Providence Economic Development Commission loaned approximately $99,000 to the plaintiff but neither admit nor deny any other allegations contained in paragraph 15 of plaintiff's verified complaint but leave plaintiff to its proof of same.

6. The defendants admit that Fire Marshall Captain Weis and City Fire Alarm Inspector Robert Powers met with plaintiff's officials on May 8, 2006, but neither admit nor deny any other allegations contained in paragraph 18 of plaintiff's verified complaint but leave plaintiff to its proof of same.

7. The defendants admit that Albert Quattricci issued Building Permit 831628 but neither admit nor deny any other allegations contained in paragraph 19 of plaintiff's verified complaint but leave plaintiff to its proof of same.

8. The defendants admit that Captain Rave issued a new deficiency list to plaintiff, but neither admit nor deny any other allegations contained in paragraph 36 of plaintiff's verified complaint but plaintiff to its proof of same.

9. The defendants admit that they received correspondence of September 6, 2006 from plaintiff but neither admit nor deny any other allegations contained in paragraph 40 of plaintiff's verified complaint but leave plaintiff to its proof therein.

10. The defendants, Captain Rave and Albert Quattricci admit to receiving the September 29, 2006 communication, but neither admit nor deny any other allegations contained in paragraph 50 of plaintiff's verified complaint, but leave plaintiff to its proof thereof.

11. These defendants deny the allegations contained in paragraphs 75 through 93 of Count I of the plaintiff's complaint.

12. These defendants deny the allegations contained in paragraphs 94 through 98 of Count II of the plaintiff's complaint.

13. These defendants deny the allegations contained in paragraphs 99 through 105 of Count III of the plaintiff's complaint.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

THIRD AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable.

FIFTH AFFIRMATIVE DEFENSE

These defendants plead immunity specific to R.I.G.L. 23-28.2-17.

**These defendants hereby demand a jury trial.**

Defendants,
By their attorney,

/s/ Marc DeSisto

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that this document has been filed electronically on November 8, 2006, and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*
Marc DeSisto