**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.** | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. No. 06-464** |
| **CITY OF EAST PROVIDENCE, et al.** | : | |

**PLAINTIFF'S RULE 16 STATEMENT**

## I. FACTS AND TRAVEL

This matter came before this Court on a Verified Complaint and Motion for Temporary Restraining Order and Injunctive Relief. The Plaintiff's Complaint and Motion sought the issuance of a Temporary Certificate of Occupancy for its business premises located at 275 Ferris Avenue, East Providence. Plaintiff had attempted to open a new business manufacturing the wood pellets that fuel so-called "pellet stoves" used for home heating. On May 23, 2006, the City of East Providence's Building Official, Albert Quattrucci, issued a building permit approving Plaintiffs construction plans for its business premises at 275 Ferris Avenue, East Providence. Said plans had been approved by the former City Fire Marshal in accordance with R.I.G.L. § 23-28.1-6. In reliance on the issuance of that permit, and the expectation of being allowed to open once the approved construction was completed, Plaintiff proceeded with construction, and also with arrangements for purchase and delivery of raw materials, and also entered into contracts for the finished product.

In late July, Plaintiff was well on its way to completing construction. By this time, however, a new Fire Marshal, Defendant Rave, had taken office. Defendant Rave immediately attempted to revoke the valid building permit issued to Plaintiff by the Building Official in that he imposed an ever-changing set of additional conditions upon the issuance of a Certificates of

Occupancy. This turn of events threatened nothing short of havoc upon Plaintiff's business plans. It is by now well-established in this state that the holder of a valid building permit has the right to rely upon that building permit, and cannot be expected to comply with after-the-fact restrictions. *See, e.g.,* Shalvey v. Zoning Bd. of Review of the City of Warwick, 210 A.2d 589 (R.I. 1965), Caprio v. Rizzo, 1981 R.I. Super. LEXIS 61 (R.I. Super. Ct. 1981) *quoting* Sea View Cliffs, Inc. v. Zoning Bd. of Review of the Town of North Kingstown, 112 R.I. 314, 309 A.2d 20. In any case, pursuant to R.I.G.L. § 23-27.3 *et seq.*, once the Fire Marshal has given its initial approval to construction plans, the issuance of a Certificate of Occupancy is within the province of the Building Official, not the Fire Marshal.

Plaintiffs accordingly brought this action in Providence County Superior Court, seeking injunctive relief. The Defendants removed this matter to this Court. Subsequently, the parties City officials indicated that they would be agreeable to the issuance of a Temporary Certificate of Occupancy if the State Fire Safety Code Board of Appeal and Review were to approve. Although the Plaintiff had doubts about the Board's jurisdiction, the Plaintiff agreed to submit to a hearing before the Board. That hearing resulted in a decision from the Board dated November 3, 2006. The November 3, 2006 decision authorized a multi-phased plan for fire code compliance that would result in the issuance of Temporary Certificates of Occupancy that allowed Plaintiff to enter into increasing levels of production. The Plaintiff has progressed through various levels of that plan, and is currently allowed some production.

Plaintiff, however, has yet to be issued a permanent Certificate of Occupancy. Furthermore, the fact remains that Plaintiff has incurred substantial damages as the result of the

City Defendants' wrongful acts.[1] Accordingly, Plaintiff seeks to recover pursuant to 42 U.S.C. § 1983. To establish that claim, the Plaintiff will need to show that it had a property interest in the building permit issued in May, 2006; that Defendants were state actors, acting under color of law; that Defendants deprived Plaintiff of that interest without due process of law; and that Plaintiff as a result suffered damages. The Plaintiff also seeks recovery under a state law claim of intentional interference with Plaintiff's economic interest in its building permit. In order to establish that claim, Plaintiff will need to demonstrate that it had derived an economic advantage as a result of the issuance of the building permit; that Defendants wrongfully interfered that that advantage, out of improper motives and by improper means; and that Plaintiff suffered damages as a result.

Narragansett Pellet Corp.
By its attorney,

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
February 6, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that on February 6, 2007 I sent a true copy of the within by electronic service to: Timothy Chapman, Esq., James Lee, Esq., and Marc DeSisto, Esq.

/s/ Vicki J. Bejma

[1] Initially, the Plaintiffs brought this action against various State officials. Those Defendants have since been dismissed from this matter by stipulation entered into in early January.