STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

FIRE SAFETY CODE
BOARD OF APPEAL AND REVIEW
272 West Exchange Center
Suite 301
Providence, RI 02903

Office (401) 222-3189
FAX (401) 222-1032
711 (TTY)

# DECISION

**MUNICIPALITY:** **East Providence** **FILE NO.:** **060894**

**LOCATION OF PREMISES:** **275 Ferris Avenue**

**APPLICANTS:**
**Mr. Andrew Nyman**
**Mr. William S. Carden**
**c/o Narragansett Pellet Corporation**
**275 Ferris Avenue**
**Rumford, R.I. 02916**

**USE OR OCCUPANCY:** **Industrial**

The above-captioned case was originally filed with the Board on October 26, 2006. It was thereupon scheduled for an expedited hearing on October 31, 2006 at 1:00 P.M. At that time, Chairman Coutu and Commissioners Preiss, Pearson, Filippi, O'Connell and Pearson were present. Vice Chairman Burlingame and Commissioners Newbrook and Blackburn recused themselves from consideration of this case. The fire service was represented by Assistant Deputy State Fire Marshals David Rave and Robert Powers of the East Providence Fire Marshal's Office. The Applicant was represented by its General Counsel, Leon Blais, Esq. and Stephen M. Robinson, Esq.

During the initial hearing, the parties provided the Board with the background of this case and further presented their positions on the requested relief. The Applicant

EXHIBIT M



NOV-03-2006 10:01 Fire Safety Board P.02/15

further submitted a proposed "Temporary Certificate of Occupancy Schedule" prepared by its Fire Protection Engineer, Kurt A. Ruchala, P.E. However, since the fire service had not been provided with sufficient time to review and evaluate the proposed "Temporary Certificate of Occupancy Schedule", the Board suggested that a temporarily adjournment of this hearing was in order to provide the parties with the opportunity to review and discuss the proposed "Temporary Certificate of Occupancy Schedule".

While the parties were privately reviewing and discussing the proposed schedule, the Fire Board conducted hearings, reviewed variance requests and granted relief in eight separately scheduled cases covering eight unrelated facilities. (File Nos. 050482A, 050358, 060585, 060589, 060590, 060734, 060849 and 040174A). Since the parties were not ready to return at the conclusion of the above remaining Fire Board cases, several Fire Board members participated in two additional hearings covering separately scheduled cases before the State Rehabilitation Board. (File Nos. R060018 and R060020).

At the conclusion of the hearings in the above cases, the Fire Board requested that the parties return and advise the Board as to their progress. After listening to the positions of both sides, it was apparent to the Board that the Applicant's Engineer would need additional time to prepare and submit certain requested supporting documentation to the East Providence Fire Marshal and the East Providence Fire Alarm Inspector in order for them to properly evaluate the proposal. In addition, the Applicant's Engineer and fire service agreed that certain longer term items, listed on the proposed schedule, could be addressed immediately.

Being cognizant of the time constraints upon the Applicant, the Board directed the parties to attempt to develop a workable plan of action within the next forty-eight (48) hours. Accordingly, the parties were advised that the Board would continue this matter until 12:00 PM on November 2, 2006. The meeting adjourned at approximately 4:30 PM.

In light of the above, an emergency hearing was scheduled to commence at 12:00 PM on November 2, 2006. At that time, Chairman Coutu and Commissioners Preiss, Pearson, Filippi, O'Connell and Pearson were present. Vice Chairman Burlingame and Commissioners Newbrook and Blackburn remained recused in this case and were not present.

At 12:00 PM, the Board was advised that the East Providence Fire Officials had not had an opportunity to review the Applicant's most recent proposed plan of action. Accordingly, the Board provided the Applicant's Fire Protection Engineers and the East Providence Fire Officials with an opportunity to fully review the proposed plan prior to the hearing. The parties reported back to the Board at 12:55 PM and the November 2, 2006 hearing commenced at that time.

On November 2, 2006, the fire service was represented by Chief Joseph Kluczwik along with Assistant Deputy State Fire Marshals David Rave and Robert Powers of the East Providence Fire Marshal's Office. The Applicant was represented by its Fire Protection Engineers Kurt A. Ruchala and George Blaxter, Jr. Also present were counsel for the parties, Timothy Chapman, Esq., Leon Blais, Esq. and Stephen M. Robinson, Esq. A motion was made by Commissioner Richard and seconded by Commissioner O'Connell to grant the Applicant relief as outlined herein. The motion was unanimous.

## FINDINGS OF FACT

The Board finds that the Applicant is proposing to utilize approximately seventy thousand (70,000) square feet of an existing industrial complex. The Board finds that the existing complex is over three hundred thousand (300,000) square feet in area and maintains six other separate, pre-existing, industrial and/or storage occupancies. The Board finds that the Applicant proposes to utilize the above seventy thousand (70,000) square foot area to manufacture, store and transport wood pellets. The Board finds that the subject wood pellets are burned as fuel in stoves that are specially designed for the wood pellets.

The Board finds that the Applicant's Engineer and the East Providence Fire Marshal are in agreement that certain areas of the wood pellet operation are properly designated to be "high hazard industrial" due to the proposed operation and potential accumulation of wood dust in these areas. The Board further takes administrative notice of the fact that wood dust, if ignited under certain conditions, can explode with sufficient force to destroy a concrete block wall. The Board further takes administrative notice of the fact that NFPA Standard 664 (Prevention of Fires and Explosions in Wood Processing and Woodworking Facilities) is the accepted national standard for safeguarding lives and property in industrial operations where wood dust is present.

The Board finds that the Applicant's Engineer and the East Providence Fire Marshal's Office have agreed to rely upon the above NFPA Standard 664, along with NFPA 1 and 101, in the development of the plan of action for the fire safety of this facility. The Board finds that the above NFPA Standard 664 sets forth guidelines for dust removal and further incorporates several additional safeguards including the use of

explosion-proof lighting and explosion-proof ventilation systems. The Board finds that compliance with the above safeguards provides the minimum nationally-recognized protection necessary for the protection of life and property in wood processing facilities. The Board finds that the Applicant's Engineer is prepared to certify and monitor the Applicant's compliance with above standards in accordance with the revised plan of action for this facility.

The Board finds that the Applicant had previously requested the East Providence Building Official to exercise his discretionary power to grant a Temporary Certificate of Occupancy (hereinafter a "T.C.O.") for this facility. The Board takes administrative notice of the fact that this discretionary authority is granted to the Building Official pursuant to RIGL 23-27.3-120.5 which states:

> **Temporary occupancy** – Upon the request of the holder of a permit, the building official may issue a temporary certificate of occupancy for a building or structure, or part thereof, before the entire work covered by the permit shall have been completed; provided, that the portion or portions may be occupied safely prior to full completion of the building without endangering life or public health, safety, and welfare; and, provided further that the agencies having jurisdiction over permits issued under other applicable codes are notified of the decision to issue a temporary certificate. (emphasis supplied).

The Board takes administrative notice of the fact that many building officials are reluctant to utilize their discretion to issue a temporary certificate without first having the approval of the State or Local Fire Marshal. The Board takes further administrative notice that the question of whether the State or Local Fire Marshal had the authority, under the fire code, to approve the issuance of a T.C.O., when there were outstanding fire code deficiencies, was presented to the Fire Board, by the State Building Commissioner.

The Board takes administrative notice that in Formal Interpretation and Blanket Variance 05-12, the Fire Board advised the Building Commissioner that the State or Local Fire Marshal was not prohibited from approving the issuance of a T.C.O. where there is full compliance with all relevant fire code provisions. However, in the absence of full compliance with all relevant fire code provisions, neither the State nor the Local Fire Marshal has the statutory authority to approve the issuance of a T.C.O. Such an approval would amount to a variance from the State Fire Code and only the Fire Board is authorized by statute to provide this type relief on either an individual or blanket basis.

The State Fire Marshal subsequently requested that the Fire Board grant a blanket variance allowing him, or his designee, similar authority to authorize a local fire marshal to approve the issuance of a T.C.O. when so requested by the building official. This authority was granted by the Board in Blanket Variance 06-09. In granting this blanket variance, the Board recognized that these T.C.O. requests could now be handled in a matter of hours by the State Fire Marshal, as opposed to days or weeks by the Board.

The Board further finds that the Applicant has availed himself of the above relief, through the State Fire Marshal's Office, on two occasions. The Board finds that the Applicant requested and secured a fire-marshal-approved T.C.O. covering a four (4) hour "open house" on September 15, 2006. The Board further finds that the Applicant received a second fire marshal approval for limited operation and testing of the operation from September 15, 2006 until October 11, 2006 when a fire occurred in a grinding machine causing the fire marshal's office to issue a cease-and-desist order.

The Board finds that, after the fire, the State Fire Marshal's Office was apparently reluctant to authorize the local fire marshal to approve the issuance of a T.C.O. for the

full operation of this plant while there remain outstanding fire code deficiencies. The Board finds that the East Providence Building Official was likewise apparently reluctant to exercise his discretionary authority to issue a T.C.O. in the absence of a Fire Marshal approval. Accordingly, the Applicant has come before the Board to present his position and request relief.

Any deficiency understood by the Board to have been corrected, which is not so corrected, shall be immediately corrected by the Applicant. The term "approved", as used herein, shall be understood to mean "in accordance with the specific provisions related to the particular subject as are contained in the state fire code, or as approved in particular by the Authority Having Jurisdiction (the State Fire Marshal, his or her designated Deputy State Fire Marshals and/or Assistant Deputy State Fire Marshals)".

## <u>CONCLUSIONS AND VARIANCE REQUESTS</u>

The Board hereby grants a variance in order to allow the East Providence Fire Marshal's Office to approve the East Providence Building Official's discretionary issuance of a series of proposed Temporary Certificates of Occupancy in accordance with the timetables and conditions outlined below:

**Phase 1**: Upon completion of the items below, and after all necessary preliminary approvals have been granted, the East Providence Fire Marshal is hereby authorized to approve the East Providence Building Official's discretionary issuance of a Three Day Temporary Certificate of Occupancy in order to allow the Applicant to start dust collectors without the process machines making pellets. This will allow the process engineer and plant personnel to make upgrades to the

dust collection system and equipment. In order to initiate Phase I, the Applicant shall:

1. Provide a letter from "greycon" regarding the satisfactory installation and operation of their system;

2. Verify the bonding and grounding of the process equipment and dust control duct work. Verification to come from an approved electrical contractor. All duct work and manufactured work to be reviewed by the East Providence Electrical, Mechanical and Fire Alarm Inspectors;

3. Provide approved Electrical Drawings and Permit Applications to the City of East Providence for review by the City's Electrical Inspector;

4. Provide approved sprinkler stamped drawings showing that the system is adequate for the hazard. Provide stamped permit drawings showing the new zoning per tenant. Plans are to be reviewed by the East Providence Fire Marshal, Plumbing and Fire Alarm inspectors. (The term "stamped drawings", as used herein shall mean drawings stamped by a licensed Rhode Island Professional Engineer).

5. Provide approved fire alarm drawings to the East Providence Fire Marshal with permit applications. Fire alarm plans to be reviewed by the City's Electrical and Fire Alarm Inspectors;

6. Provide approved egress drawings to the East Providence Fire Marshal with permit applications for review by the City's Fire Marshal;



NOV-03-2006 10:03 Fire Safety Board P.09/15

7. Provide a code review letter on the existing dust collection system stamped by a licensed Rhode Island Professional Engineer, for review by the East Providence Fire Marshal;

8. Provide an approved evaluation procedure for the steam system described below, for review by the East Providence Fire Marshal;

9. Provide verification of the operational status of the sprinkler heads in all silo storage areas, for review by the East Providence Fire Marshal;

10. Provide a preliminary operations manual, containing the emergency fire evacuation procedures, to the East Providence Fire Marshal for review;

11. Finally, the Applicant is directed to conduct ongoing fire drills with its employees and staff, at the direction and to the satisfaction of the East Providence Fire Marshal's Office, during each phase of temporary operation of this facility.

**Phase 2**: Upon completion of Phase I above, and after all necessary preliminary approvals have been granted, the East Providence Fire Marshal is hereby authorized to approve the Building Official's discretionary issuance of a Two Week Temporary Certificate of Occupancy in order to allow the Applicant to add steam to the grinder as allowed by NFPA 664, section 8.4.1.1.

The Board notes that steam is a natural byproduct of the pellet mills and that it is the Applicant's intention for the steam to be diverted to the top of the grinder and thereupon forced into the process. The Board further notes that the Applicant must operate the entire process on a limited basis to determine how to

properly implement this operation. During the above period, the parties are in agreement that the Applicant shall be allowed to maintain a single eight (8) hour shift, with a maximum of two (2) mills operating, each day.

During the above period, cleaning shall be ongoing and management personnel shall be assigned to continuously monitor dust accumulation on adjacent equipment and structures. Dust shall be cleaned as needed. If dust accumulates more than one thirty-second (1/32) of an inch, then the subject area shall be cleaned by an approved vacuum. If the dust cannot be controlled, the process shall be immediately shut down until improvements can be made.

As a further condition of this relief, the Board directs that the Applicant's fire protection professionals, FIREPRO, shall be on site with dust particulate meters. It is the understanding of the Board that these meters will provide a warning if a dust cloud could contain an ignitable mixture. It is the further understanding of the Board that the Applicant's personnel shall also assist in the metering task. If any meter alarms, the process will be shut down and improvements made. The monitoring activity above shall coincide with the eight hour operational shifts allowed under this phase.

During Phase 2, the Applicant's Engineer shall further provide the East Providence Fire Marshal with detailed plans for the conveyor wall penetration protection. The parties anticipate that the above plan may need a Board variance on the basis of equivalency fire protection. Accordingly, the Board shall maintain this file open in order to allow the Applicant to apply for the additional relief

without the need to file a separate application and pay an additional filing fee. If this relief is sought, the Applicant is directed to so apply during Phase 2.

During the Phase 2 period, the Applicant shall further make all necessary revisions to the dust collector and further provide the East Providence Fire Marshal with drawings for the dust collection system and the "greycon" system. The Applicant shall further submit all necessary mechanical permit applications to the City's Mechanical Inspector. Finally, the Applicant shall submit final sprinkler zone drawings and permit applications to the East Providence Fire Marshal, Fire Alarm and Plumbing Inspectors.

**Phase 3**: Upon completion of Phase 2 above, and after all necessary preliminary approvals have been granted, the East Providence Fire Marshal is hereby authorized to approve the Building Official's discretionary issuance of a Five Week Temporary Certificate of Occupancy in order to allow the Applicant to:

1. Install all needed through penetration seals;
2. Seal all unneeded openings and remove all sliding fire doors;
3. Continuously monitor the dust level;
4. Construct a rated egress corridor after approval of the egress plans submitted in Phase 1 above;
5. Submit drawings of the steam system along with the mechanical permit application to the East Providence Fire Marshal for review;
6. Continue to operate the industrial process, with one eight hour shift and a maximum of two mills, as in Phase 2;

7. Install the alternative conveyor protection at the fire rated barrier penetrations pursuant to the conditions outlined in the Board's variance;

8. Provide the East Providence Fire Marshal with a finalized operations manual including a detailed procedure for dust monitoring, cleaning procedure, hot work procedures, equipment maintenance, fire systems testing and maintenance, and fire response.

**Phase 4**: Upon completion of Phase 3 above, and after all necessary preliminary approvals have been granted, the East Providence Fire Marshal is hereby authorized to approve the Building Official's discretionary issuance of a Nine Week Temporary Certificate of Occupancy in order to allow the Applicant to operate two shifts per day with all mills operating, in accordance with the above conditions, in order to determine system capacity.

**Phase 5**: Upon completion of Phase 4 above, and once the system installation and construction are completed, reviewed, inspected and approved by all of the Authorities Having Jurisdiction, the Applicant shall request that a full certificate of occupancy be issued for this facility by the East Providence Building Official.

The Board notes that the Applicant may accelerate his compliance with the provisions of the plan outlined herein. In the event that the East Providence Fire Marshal's Office is satisfied that all of the conditions for a particular phase have been met, the East Providence Fire Marshal's Office is hereby authorized, in its discretion, to

approve an acceleration of the remaining phases of plan. Again, all Certificates of Occupancy, temporary or permanent, are issued only by the East Providence Building Official. The Fire Marshal, if requested to review, is only addressing the fire code issues.

## STATUS OF DECISION AND APPEAL RIGHTS

This Decision represents a comprehensive, integrated plan of fire safety for the above-captioned facility under the above-cited use or occupancy. Accordingly, every variance granted is conditioned upon the Applicant's timely and continued compliance with all of the directives of the Board. Every variance granted is further conditioned upon the continued use or occupancy of this facility under the above-cited classification reviewed by the Board. ( See: Board Rules and Regulations, section 6-2-17).

Failure of the Applicant to initially comply with the full Decision of the Board, within the stated time frame, shall void all variances granted herein. (See: Board Rules and Regulations, section 6-2-18) In the event of complete, timely and continued compliance with the full Decision of the Board, the above cited variances shall be deemed to have vested in the above-captioned facility. As long as this facility is in continued compliance with the full Decision of the Board, the above-cited variances shall remain with this facility in the absence of any change in use or occupancy mandating review under a separate classification of the Fire Code or a revision of the above-cited classification. . (See: Board Rules and Regulations, section 6-2-19). Such changes in use or occupancy of this facility, or failure to continually comply with the Board's Decision shall void all variances granted under the above-cited use or occupancy. If such change creates a new use or occupancy as outlined in R.I.G.L. 23-28.1-6, all variances granted

under the original use or occupancy are void and this facility shall be reviewed under the newly created use or occupancy. . (See: Board Rules and Regulations, section 6-2-20).

**The Applicant may appeal the Board's Decision, within thirty (30) days of the mailing date of this Decision, by commencing an action against the State Fire Marshal in the Sixth division of the District Court. Commencement of such an action does not operate as an automatic stay of this Decision [R.I.G.L. 42-35-15(c)].**

**FIRE SAFETY CODE**
**BOARD OF APPEAL & REVIEW**

**Rene Coutu**
**Chairman**

**AS REPORTED:**

**Thomas B. Coffey, Esq.**
**Executive Director**

**Mailing Date:** 11-03-06

**cc:** **Applicant**
**East Providence Fire Department**
**State Fire Marshal**