UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NARRAGANSETT PELLET CORP., *Plaintiff,* | |
| vs. | C.A. No. 06-464ML |
| CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD, et al. *Defendants.* | |

**DEFENDANTS'[1] ANSWER TO PLAINTIFF'S SECOND VERIFIED AMENDED COMPLAINT**

Now come the Defendants, City of East Providence, by and through its Treasurer, Kevin J. Fitzgerald, Albert Quattrucci, Joseph J. Klucznik, David Rave, Curtis R. Wise, and Robert Powers, and hereby answer Plaintiff's Second Verified Amended Complaint as follows:

1. These Defendants admit the allegations contained in paragraph 1 of Plaintiff's Second Verified Amended Complaint.

2. These Defendants admit the allegations contained in paragraph 2 of Plaintiff's Second Verified Amended Complaint.

3. These Defendants admit the allegations contained in paragraph 3 of Plaintiff's Second Verified Amended Complaint.

4. These Defendants admit the allegations contained in paragraph 4 of Plaintiff's Second Verified Amended Complaint but deny any individual liability.

[1] City of East Providence, by and through its Treasurer, Kevin J. Fitzgerald, Albert Quattrucci, Joseph J. Klucznik, David Rave, Curtis R. Wise, and Robert Powers

5. These Defendants admit the allegations contained in paragraph 5 of Plaintiff's Second Verified Amended Complaint but deny any individual liability.

6. These Defendants admit the allegations contained in paragraph 6 of Plaintiff's Second Verified Amended Complaint but deny any individual liability.

7. These Defendants admit the allegations contained in paragraph 7 of Plaintiff's Second Verified Amended Complaint but deny any individual liability.

8. These Defendants are without knowledge of the allegations contained in paragraph 8 of Plaintiff's Complaint and leaves it to its proof thereof.

9. These Defendants admit the allegations contained in paragraph 9 of Plaintiff's Second Verified Amended Complaint but deny any individual liability.

10. These Defendants neither admit nor deny the allegations contained in paragraph 10 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

11. These Defendants neither admit nor deny the allegations contained in paragraph 11 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

12. These Defendants neither admit nor deny the allegations contained in paragraph 12 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

13. These Defendants admit that a meeting occurred but deny the remaining allegations contained in paragraph 13 of Plaintiff's Second Verified Amended Complaint.

14. These Defendants deny the allegations contained in paragraph 14 of Plaintiff's Second Verified Amended Complaint.

15. These Defendants deny the allegations contained in paragraph 15 of Plaintiff's Second Verified Amended Complaint.

16. These Defendants neither admit nor deny that Dana Newbrook is a member of the Fire Safety Code Board of Review and Appeal and deny the remaining allegations contained in paragraph 16 of Plaintiff's Second Verified Amended Complaint.

17. These Defendants neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

18. These Defendants neither admit nor deny the allegations contained in paragraph 18 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

19. These Defendants deny the allegations contained in paragraph 19 of Plaintiff's Second Verified Amended Complaint.

20. These Defendants neither admit nor deny the allegations contained in paragraph 20 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

21. These Defendants admit the allegations contained in paragraph 21 of Plaintiff's Second Verified Amended Complaint.

22. These Defendants neither admit nor deny the allegations contained in paragraph 22 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

23. These Defendants neither admit nor deny the allegations contained in paragraph 23 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

24. These Defendants admit the receipt of Exhibit B, state that Exhibit B speaks for itself, and deny the remaining allegations and characterizations contained in paragraph 24 of Plaintiff's Second Verified Amended Complaint.

25. These Defendants deny the allegations contained in paragraph 25 of Plaintiff's Second Verified Amended Complaint.

26. These Defendants neither admit nor deny the allegations contained in paragraph 26 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

27. These Defendants admit the allegations contained in paragraph 27 of Plaintiff's Second Verified Amended Complaint.

28. These Defendants neither admit nor deny the allegations contained in paragraph 28 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

29. These Defendants neither admit nor deny the allegations contained in paragraph 29 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

30. These Defendants admit that Plaintiff filed a building permit application and plans prepared by ai Designs, Ltd., and deny the remaining allegations contained in paragraph 30 of Plaintiff's Second Verified Amended Complaint.

31. These Defendants admit that representatives of Plaintiff met with Defendants Wise and Powers but deny the remaining allegations or characterizations contained in paragraph 31 of Plaintiff's Second Verified Amended Complaint.

32. These Defendants admit that the building permit attached to the Second Verified Amended Complaint as Exhibit B was issued by Defendant Quattrucci to Ferris Ave Realty and deny the remaining allegations or characterizations contained in paragraph 32 of Plaintiff's Second Verified Amended Complaint.

33. These Defendants neither admit nor deny the allegations contained in paragraph 33 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

34. These Defendants neither admit nor deny the allegations contained in paragraph 34 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

35. These Defendants neither admit nor deny the allegations contained in paragraph 35 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

36. These Defendants neither admit nor deny the allegations contained in paragraph 36 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

37. These Defendants neither admit nor deny the allegations contained in paragraph 37 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

38. These Defendants deny the allegations contained in paragraph 38 of Plaintiff's Second Verified Amended Complaint.

39. These Defendants admit that Defendant Powers sent an email to Mr. Carden on or about July 10, 2006, but deny the remaining allegations and characterizations of paragraph 39 of Plaintiff's Second Verified Amended Complaint.

40. These Defendants deny the allegations contained in paragraph 40 of Plaintiff's Second Verified Amended Complaint.

41. These Defendants deny that Mr. Carden was "instructed" to contact the Fire Department and leave Plaintiff to its proof of the remaining allegations contained in paragraph 41 of Plaintiff's Second Verified Amended Complaint.

42. These Defendants admit that Plaintiff contacted the Fire Department but deny the remaining allegations contained in paragraph 42 of Plaintiff's Second Verified Amended Complaint.

43. These Defendants admit the allegations contained in paragraph 43 of Plaintiff's Second Verified Amended Complaint.

44. These Defendants admit the allegations contained in paragraph 44 of Plaintiff's Second Verified Amended Complaint.

45. These Defendants deny the allegations contained in paragraph 45 of Plaintiff's Second Verified Amended Complaint.

46. These Defendants admit the allegations contained in paragraph 46 of Plaintiff's Second Verified Amended Complaint.

47. These Defendants admit the allegations contained in paragraph 47 of Plaintiff's Second Verified Amended Complaint.

48. These Defendants admit the allegations contained in paragraph 48 of Plaintiff's Second Verified Amended Complaint.

49. These Defendants admit the allegations contained in paragraph 49 of Plaintiff's Second Verified Amended Complaint.

50. These Defendants deny the allegations contained in paragraph 50 of Plaintiff's Second Verified Amended Complaint.

51. These Defendants admit the allegations contained in paragraph 51 of Plaintiff's Second Verified Amended Complaint.

52. These Defendants deny the allegations contained in paragraph 52 of Plaintiff's Second Verified Amended Complaint.

53. These Defendants admit the allegations contained in paragraph 53 of Plaintiff's Second Verified Amended Complaint.

54. These Defendants neither admit nor deny the allegations contained in paragraph 54 of Plaintiff's Second Verified Amended Complaint.

55. These Defendants deny the allegations contained in paragraph 55 of Plaintiff's Second Verified Amended Complaint.

56. These Defendants deny the allegations contained in paragraph 56 of Plaintiff's Second Verified Amended Complaint.

57. These Defendants deny the allegations contained in paragraph 57 of Plaintiff's Second Verified Amended Complaint.

58. These Defendants deny the allegations contained in paragraph 58 of Plaintiff's Second Verified Amended Complaint.

59. These Defendants neither admit nor deny the allegations contained in paragraph 59 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

60. These Defendants admit that Plaintiff submitted a new building permit and plan review application and deny the remaining allegations contained in paragraph 60 of Plaintiff's Second Verified Amended Complaint.

61. These Defendants admit the allegations contained in paragraph 61 of Plaintiff's Second Verified Amended Complaint.

62. These Defendants admit that Hughes Associates, Inc. issued its report on or about August 23, 2006 but deny the remaining allegations contained in paragraph 62 of Plaintiff's Second Verified Amended Complaint.

63. These Defendants neither admit nor deny the allegations contained in paragraph 63 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

64. These Defendants neither admit nor deny the allegations contained in paragraph 64 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

65. These Defendants state that the report speaks for itself and denies any allegations contained in paragraph 65 that do not comport with the report.

66. These Defendants admit that Exhibit D was issued by Defendant Rave, state that Exhibit D speaks for itself and denies the remaining allegations and characterizations of paragraph 66 of Plaintiff's Second Verified Amended Complaint.

67. These Defendants admit that Defendant Rave rejected Plaintiff's submittals, that Donna Carden-Harker came to pick-up the submittals at his office and deny the remaining allegations contained in paragraph 67 of Plaintiff's Second Verified Amended Complaint.

68. These Defendants neither admit nor deny the allegations contained in paragraph 68 of Plaintiff's Second Verified Amended Complaint.

69. These Defendants admit the allegations contained in paragraph 69 of Plaintiff's Second Verified Amended Complaint.

70. These Defendants admit that Exhibit E was issued by Plaintiff, state that Exhibit E speaks for itself and deny the remaining allegations and characterizations contained in paragraph 70 of Plaintiff's Second Verified Amended Complaint.

71. These Defendants neither admit nor deny the allegations contained in paragraph 71 of Plaintiff's Second Verified Amended Complaint and state that Exhibit E speaks for itself.

72. These Defendants neither admit nor deny the allegations contained in paragraph 72 of Plaintiff's Second Verified Amended Complaint and state that Exhibit E speaks for itself.

73. These Defendants admit that representatives of Plaintiff met with Defendant Rave and deny the remaining allegations contained in paragraph 73 of Plaintiff's Second Verified Amended Complaint.

74. These Defendants admit the existence of Exhibit F, state that it speaks for itself and deny the remaining allegations contained in paragraph 74 of Plaintiff's Second Verified Amended Complaint.

75. These Defendants neither admit nor deny the allegations contained in paragraph 75 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

76. These Defendants admit that Exhibit G is true and accurate, state that it speaks for itself, and deny the remaining allegations and characterizations contained in paragraph 76 of Plaintiff's Second Verified Amended Complaint.

77. These Defendants state that Exhibit G speaks for itself and deny the remaining allegations and characterizations of paragraph 77 of Plaintiff's Second Verified Amended Complaint.

78. These Defendants state that Exhibit G speaks for itself and deny the remaining allegations and characterizations of paragraph 78 of Plaintiff's Second Verified Amended Complaint.

79. These Defendants state that Exhibit G speaks for itself and deny the remaining allegations and characterizations of paragraph 79 of Plaintiff's Second Verified Amended Complaint.

80. These Defendants state that Exhibit G speaks for itself and deny the remaining allegations and characterizations of paragraph 80 of Plaintiff's Second Verified Amended Complaint.

81. These Defendants admit the allegations contained in paragraph 81 of Plaintiff's Second Verified Amended Complaint.

82. These Defendants state that Exhibit H speaks for itself and deny the remaining allegations and characterizations contained in paragraph 82 of Plaintiff's Second Verified Amended Complaint.

83. These Defendants state that Exhibit H speaks for itself and deny the remaining allegations and characterizations contained in paragraph 83 of Plaintiff's Second Verified Amended Complaint.

84. These Defendants admit Exhibit I but deny the remaining allegations and characterizations contained in paragraph 84 of Plaintiff's Second Verified Amended Complaint.

85. These Defendants deny the allegations contained in paragraph 85 of Plaintiff's Second Verified Amended Complaint.

86. These Defendants deny the allegations contained in paragraph 86 of Plaintiff's Second Verified Amended Complaint.

87. These Defendants neither admit nor deny the allegations contained in paragraph 87 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

88. These Defendants admit the Exhibit J is accurate and deny the remaining allegations and characterizations of paragraph 88 of Plaintiff's Second Verified Amended Complaint.

89. These Defendants state that Exhibit J speaks for itself and deny the remaining allegations and characterizations of paragraph 89 of Plaintiff's Second Verified Amended Complaint.

90. These Defendants admit the allegations contained in paragraph 90 of Plaintiff's Second Verified Amended Complaint.

91. These Defendants admit the receipt of Exhibit K, state that it speaks for itself and deny the remaining allegations contained in paragraph 91 of Plaintiff's Second Verified Amended Complaint.

92. These Defendants state that Exhibit L speaks for itself and deny the remaining allegations contained in paragraph 92 of Plaintiff's Second Verified Amended Complaint.

93. These Defendants deny the allegations contained in paragraph 93 of Plaintiff's Second Verified Amended Complaint.

94. These Defendants deny the allegations contained in paragraph 94 of Plaintiff's Second Verified Amended Complaint.

95. These Defendants deny the allegations contained in paragraph 95 of Plaintiff's Second Verified Amended Complaint.

96. These Defendants admit that building permit application was needed with the plans and deny the allegations contained in paragraph 96 of Plaintiff's Second Verified Amended Complaint.

97. These Defendants deny the allegations contained in paragraph 97 of Plaintiff's Second Verified Amended Complaint.

98. These Defendants deny the allegations contained in paragraph 98 of Plaintiff's Second Verified Amended Complaint.

99. These Defendants neither admit nor deny the allegations contained in paragraph 99 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

100. These Defendants neither admit nor deny the allegations contained in paragraph 100 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

101. These Defendants admit the allegations contained in paragraph 101 of Plaintiff's Second Verified Amended Complaint.

102. These Defendants deny the allegations contained in paragraph 102 of Plaintiff's Second Verified Amended Complaint.

103. These Defendants deny the allegations contained in paragraph 103 of Plaintiff's Second Verified Amended Complaint.

104. These Defendants admit that Defendant Quattrucci issued a Cease and Desist Stop Work letter dated October 11, 2006 and deny the remaining allegations contained in paragraph 104 of Plaintiff's Second Verified Amended Complaint.

105. These Defendants admit that the October 11, 2006 letter was issued to Ferris Avenue Realty LLC and deny the remaining allegations contained in paragraph 105 of Plaintiff's Second Verified Amended Complaint.

106. These Defendants admit that Defendant Rave sent correspondence to Ferris Avenue Realty on October 13, 2006, state that the letter speaks for itself and deny the remaining allegations and characterizations contained in paragraph 106 of Plaintiff's Second Verified Amended Complaint.

107. These Defendants admit the allegations contained in paragraph 107 of Plaintiff's Second Verified Amended Complaint.

108. These Defendants admit the allegations contained in paragraph 108 of Plaintiff's Second Verified Amended Complaint.

109. These Defendants neither admit nor deny the allegations contained in paragraph 109 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

110. These Defendants neither admit nor deny the allegations contained in paragraph 110 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

111. These Defendants neither admit nor deny the allegations contained in paragraph 111 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

112. These Defendants state that Exhibit M speaks for itself and denies the remaining allegations contained in paragraph 112 of Plaintiff's Second Verified Amended Complaint.

113. These Defendants state that Exhibit M speaks for itself and denies the remaining allegations contained in paragraph 113 of Plaintiff's Second Verified Amended Complaint.

114. These Defendants neither admit nor deny the allegations contained in paragraph 114 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

115. These Defendants deny the allegations contained in paragraph 115 of Plaintiff's Second Verified Amended Complaint.

116. These Defendants deny the allegations contained in paragraph 116 of Plaintiff's Second Verified Amended Complaint.

117. These Defendants admit that a Temporary Certificate of Occupancy was issued but deny the remaining allegations contained in paragraph 117 of Plaintiff's Second Verified Amended Complaint.

118. These Defendants state that the Temporary Certificate of Occupancy speaks for itself and deny the remaining allegations contained in paragraph 119 of Plaintiff's Second Verified Amended Complaint.

119. These Defendants admit the allegations contained in paragraph 119 of Plaintiff's Second Verified Amended Complaint.

120. These Defendants state that the Temporary Certificate of Occupancy speaks for itself and deny the remaining allegations contained in paragraph 120 of Plaintiff's Second Verified Amended Complaint.

121. These Defendants deny the allegations contained in paragraph 121 of Plaintiff's Second Verified Amended Complaint.

122. These Defendants neither admit nor deny the allegations contained in paragraph 122 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

123. These Defendants neither admit nor deny the allegations contained in paragraph 123 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

124. These Defendants admit that Exhibit N was emailed to Defendant Rave, state that it speaks for itself and deny the remaining allegations and characterizations contained in paragraph 124 of Plaintiff's Second Verified Amended Complaint.

125. These Defendants state that Exhibit N speaks for itself and deny the remaining allegations and characterizations contained in paragraph 125 of Plaintiff's Second Verified Amended Complaint.

126. These Defendants neither admit nor deny the allegations contained in paragraph 126 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

127. These Defendants admit that Defendant Rave issued Exhibit O, that it speaks for itself and deny the remaining allegations and characterizations of paragraph 127 of Plaintiff's Second Verified Amended Complaint.

128. These Defendants state that Exhibit O speaks for itself and deny the remaining allegations and characterizations of paragraph 128 of Plaintiff's Second Verified Amended Complaint.

129. These Defendants admit the allegations contained in paragraph 129 of Plaintiff's Second Verified Amended Complaint.

130. These Defendants admit that items remained incomplete but deny the remaining allegations contained in paragraph 130 of Plaintiff's Second Verified Amended Complaint.

131. These Defendants admit that Exhibit P is an email from Lee C. DeVito to Defendant Rave, state that the email speaks for itself and deny the remaining characterizations and allegations contained in paragraph 131 of Plaintiff's Second Verified Amended Complaint.

132. These Defendants admit that Defendant Rave told Plaintiff that the request must be referred to the City Solicitor's Office and deny the remaining allegations contained in paragraph 132 of Plaintiff's Second Verified Amended Complaint.

133. These Defendants admit that Attorney Beijma contacted Assistant Town Solicitor Chapman but deny the remaining allegations contained in paragraph 133 of Plaintiff's Second Verified Amended Complaint.

134. These Defendants deny the allegations contained in paragraph 134 of Plaintiff's Second Verified Amended Complaint.

135. These Defendants deny the allegations contained in paragraph 135 of Plaintiff's Second Verified Amended Complaint.

136. These Defendants deny the allegations contained in paragraph 136 of Plaintiff's Second Verified Amended Complaint.

137. These Defendants state that the Temporary Certificate of Occupancy speaks for itself.

138. These Defendants are without knowledge of the allegations contained in paragraph 138 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

139. These Defendants admit the allegations contained in paragraph 139 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

140. These Defendants deny the allegations contained in paragraph 140 of Plaintiff's Second Verified Amended Complaint.

141. These Defendants admit that Exhibit Q is an email from Plaintiff's attorney and deny the remaining allegations and characterizations contained in paragraph 141 of Plaintiff's Second Verified Amended Complaint.

142. These Defendants admit that Exhibit R is a letter from Defendant Rave, but deny the remaining allegations and characterizations contained in paragraph 142 of Plaintiff's Second Verified Amended Complaint.

143. These Defendants admit that Defendant Rave agreed to perform the inspection on February 13, 2007 and to extend the Phase III Temporary Certificate of Occupancy until March 9, 2007 but deny the remaining allegations and characterizations of paragraph 143 of Plaintiff's Second Verified Amended Complaint.

144. These Defendants admit Exhibit S and deny the remaining allegations and characterizations of paragraph 144 of Plaintiff's Second Verified Amended Complaint.

145. These Defendants are without knowledge of the allegations contained in paragraph 145 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

146. These Defendants restate their answers to paragraphs 1 through 145 as if fully set forth herein.

147. These Defendants make no response to the allegations contained in paragraph 147 of Plaintiff's Second Verified Amended Complaint that attempt to paraphrase and/or quote from Public Law, the content of which speaks for itself and, thus, no response is required. These Defendants deny the remaining allegations contained in paragraph 147.

148. These Defendants make no response to the allegations contained in paragraph 148 of Plaintiff's Second Verified Amended Complaint that attempt to paraphrase and/or quote from Public Law, the content of which speaks for itself and, thus, no response is required. These Defendants deny the remaining allegations contained in paragraph 148.

149. These Defendants make no response to the allegations contained in paragraph 149 of Plaintiff's Second Verified Amended Complaint that attempt to paraphrase and/or quote from Public Law, the content of which speaks for itself and, thus, no response is required.

150. These Defendants deny the allegations contained in paragraph 150 of Plaintiff's Second Verified Amended Complaint.

151. These Defendants deny the allegations contained in paragraph 151 of Plaintiff's Second Verified Amended Complaint.

152. These Defendants deny the allegations contained in paragraph 152 of Plaintiff's Second Verified Amended Complaint.

153. These Defendants deny the allegations contained in paragraph 153 of Plaintiff's Second Verified Amended Complaint.

154. These Defendants make no response to the allegations contained in paragraph 154 of Plaintiff's Second Verified Amended Complaint that attempt to paraphrase and/or quote from Public Law, the content of which speaks for itself and, thus, no response is required. These Defendants deny the remaining allegations contained in paragraph 154.

155. These Defendants make no response to the allegations contained in paragraph 155 of Plaintiff's Second Verified Amended Complaint that attempt to paraphrase and/or quote from Public Law, the content of which speaks for itself and, thus, no response is required. These Defendants deny the remaining allegations contained in paragraph 155.

156. These Defendants deny the allegations contained in paragraph 156 of Plaintiff's Second Verified Amended Complaint.

157. These Defendants deny the allegations contained in paragraph 157 of Plaintiff's Second Verified Amended Complaint.

158. These Defendants deny the allegations contained in paragraph 158 of Plaintiff's Second Verified Amended Complaint.

159. These Defendants deny the allegations contained in paragraph 159 of Plaintiff's Second Verified Amended Complaint.

160. These Defendants deny the allegations contained in paragraph 160 of Plaintiff's Second Verified Amended Complaint.

161. These Defendants deny the allegations contained in paragraph 161 of Plaintiff's Second Verified Amended Complaint.

162. These Defendants deny the allegations contained in paragraph 162 of Plaintiff's Second Verified Amended Complaint.

163. These Defendants deny the allegations contained in paragraph 163 of Plaintiff's Second Verified Amended Complaint.

164. These Defendants deny the allegations contained in paragraph 164 of Plaintiff's Second Verified Amended Complaint.

165. These Defendants deny the allegations contained in paragraph 165 of Plaintiff's Second Verified Amended Complaint.

166. These Defendants restate their answers to paragraphs 1 through 165 of Plaintiff's Second Verified Amended Complaint.

167. These Defendants deny the allegations contained in paragraph 167 of Plaintiff's Second Verified Amended Complaint.

168. These Defendants deny the allegations contained in paragraph 168 of Plaintiff's Second Verified Amended Complaint.

169. These Defendants deny the allegations contained in paragraph 169 of Plaintiff's Second Verified Amended Complaint.

170. These Defendants deny the allegations contained in paragraph 170 of Plaintiff's Second Verified Amended Complaint.

171. These Defendants deny the allegations contained in paragraph 171 of Plaintiff's Second Verified Amended Complaint.

172. These Defendants restate their answers to paragraphs 1 through 171 of Plaintiff's Second Verified Amended Complaint as if fully set forth herein.

173. These Defendants deny the allegations contained in paragraph 173 of Plaintiff's Second Verified Amended Complaint.

174. These Defendants deny the allegations contained in paragraph 174 of Plaintiff's Second Verified Amended Complaint.

175. These Defendants deny the allegations contained in paragraph 175 of Plaintiff's Second Verified Amended Complaint.

176. These Defendants deny the allegations contained in paragraph 176 of Plaintiff's Second Verified Amended Complaint.

177. These Defendants deny the allegations contained in paragraph 177 of Plaintiff's Second Verified Amended Complaint.

178. These Defendants deny the allegations contained in paragraph 178 of Plaintiff's Second Verified Amended Complaint.

179. These Defendants restate their answers to paragraphs 1 through 179 of Plaintiff's Second Verified Amended Complaint as if fully set forth herein.

180. These Defendants are without knowledge of the allegations contained in paragraph 180 of Plaintiff's Second Verified Amended Complaint and leaves Plaintiff to its proof thereof.

181. These Defendants deny the allegations contained in paragraph 181 of Plaintiff's Second Verified Amended Complaint.

182. These Defendants deny the allegations contained in paragraph 182 of Plaintiff's Second Verified Amended Complaint.

183. These Defendants deny the allegations contained in paragraph 183 of Plaintiff's Second Verified Amended Complaint.

184. These Defendants deny the allegations contained in paragraph 184 of Plaintiff's Second Verified Amended Complaint.

185. These Defendants restate their answers to paragraphs 1 through 185 of Plaintiff's Second Verified Amended Complaint.

186. These Defendants deny the allegations contained in paragraph 186 of Plaintiff's Second Verified Amended Complaint.

187. These Defendants deny the allegations contained in paragraph 187 of Plaintiff's Second Verified Amended Complaint.

188. These Defendants deny the allegations contained in paragraph 188 of Plaintiff's Second Verified Amended Complaint.

189. These Defendants deny the allegations contained in paragraph 189 of Plaintiff's Second Verified Amended Complaint.

190. These Defendants deny the allegations contained in paragraph 190 of Plaintiff's Second Verified Amended Complaint.

191. These Defendants restate their answers to paragraphs 1 through 191 of Plaintiff's Second Verified Amended Complaint.

192. These Defendants are without knowledge of the allegations contained in paragraph 192 of Plaintiff's Second Verified Amended Complaint and leave Plaintiff to its proof thereof.

193. These Defendants deny the allegations contained in paragraph 193 of Plaintiff's Second Verified Amended Complaint.

194. These Defendants deny the allegations contained in paragraph 194 of Plaintiff's Second Verified Amended Complaint.

195. These Defendants deny the allegations contained in paragraph 196 of Plaintiff's Second Verified Amended Complaint.

196. These Defendants deny the allegations contained in paragraph 196 of Plaintiff's Second Verified Amended Complaint.

197. These Defendants restate their answers to paragraphs 1 through 197 as if fully set forth herein.

198. These Defendants deny the allegations contained in paragraph 198 of Plaintiff's Second Verified Amended Complaint.

199. These Defendants deny the allegations contained in paragraph 199 of Plaintiff's Second Verified Amended Complaint.

200. These Defendants deny the allegations contained in paragraph 200 of Plaintiff's Second Verified Amended Complaint.

201. These Defendants deny the allegations contained in paragraph 201 of Plaintiff's Second Verified Amended Complaint.

202. These Defendants deny the allegations contained in paragraph 202 of Plaintiff's Second Verified Amended Complaint.

203. These Defendants deny the allegations contained in paragraph 203 of Plaintiff's Second Verified Amended Complaint.

204. These Defendants restate their answers to paragraphs 1 through 204 of Plaintiff's Second Verified Amended Complaint.

205. These Defendants deny the allegations contained in paragraph 205 of Plaintiff's Second Verified Amended Complaint.

206. These Defendants deny the allegations contained in paragraph 206 of Plaintiff's Second Verified Amended Complaint.

207. These Defendants deny the allegations contained in paragraph 207 of Plaintiff's Second Verified Amended Complaint.

208. These Defendants restate their answers to paragraph 208 of Plaintiff's Second Verified Amended Complaint.

209. These Defendants deny the allegations contained in paragraph 209 of Plaintiff's Second Verified Amended Complaint.

210. These Defendants deny the allegations contained in paragraph 210 of Plaintiff's Second Verified Amended Complaint.

211. These Defendants deny the allegations contained in paragraph 211 of Plaintiff's Second Verified Amended Complaint.

212. These Defendants restate their answers to paragraphs 1 through 212 of Plaintiff's Second Verified Amended Complaint.

213. These Defendants deny the allegations contained in paragraph 213 Plaintiff's Second Verified Amended Complaint.

214. These Defendants deny the allegations contained in paragraph 214 of Plaintiff's Second Verified Amended Complaint.

215. These Defendants deny the allegations contained in paragraph 215 of Plaintiff's Second Verified Amended Complaint.

216. These Defendants restate their answers to paragraphs 1 through 216 of Plaintiff's Second Verified Amended Complaint.

217. These Defendants deny the allegations contained in paragraph 217 of Plaintiff's Second Verified Amended Complaint.

218. These Defendants deny the allegations contained in paragraph 218 of Plaintiff's Second Verified Amended Complaint.

219. These Defendants deny the allegations contained in paragraph 219 of Plaintiff's Second Verified Amended Complaint.

220. These Defendants deny the allegations contained in paragraph 220 of Plaintiff's Second Verified Amended Complaint.

221. These Defendants deny the allegations contained in paragraph 221 of Plaintiff's Second Verified Amended Complaint.

222. These Defendants deny the allegations contained in paragraph 222 of Plaintiff's Second Verified Amended Complaint and all allegations of the Plaintiff's Second Verified Amended Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendants hereby plead absolute and qualified immunity as a bar to the within Complaint and the benefit of all express and implied exceptions to the State's statutory waiver of sovereign immunity.

### SECOND AFFIRMATIVE DEFENSE

These Defendants are immune based on the public duty doctrine. To the extent that these Defendants are not otherwise immune from liability, which is expressly denied, the monetary limitations on damages set forth in R.I.G.L. § 9-31-1 et. seq. applies to this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants are not liable as individuals or in their individual capacities.

### FIFTH AFFIRMATIVE DEFENSE

These defendants plead immunity specific to R.I.G.L. § 23-28.2-17 and R.I.G.L. § 23-27.3-107.9.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, pursuant to *City of Newport v. Fact Concerts, Inc.*, *453 U.S. 247 (1981)*.

SEVENTH AFFIRMATIVE DEFENSE

These Defendants plead the affirmative defense of ripeness.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the requirements of R.I.G.L. § 45-15-5.

**These defendants hereby demand a jury trial.**

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto (#2757)
Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

And,

*/s/ Timothy J. Chapman*

Timothy J. Chapman (#3494)
Assistant City Solicitor
City of East Providence
145 Taunton Avenue
East Providence, RI 02914

CERTIFICATION

I hereby certify that this document has been filed electronically on March 25, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Michael A. DeSisto*

Michael A. DeSisto