UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NARRAGANSETT PELLET CORP., *Plaintiff,* vs. CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD, et al *Defendants.* | C.A. No. 06-464 ML |

**DEFENDANTS'[1] STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56(a), Defendants—City of East Providence, through its Treasurer, Kevin Fitzgerald, Albert Quattrucci, Joseph Klucznik, David Rave, Curtis Wise and Robert Powers ("Defendants")—submit the following Statement of Undisputed Facts in support of their Motion for Summary Judgment. There is no genuine dispute as to the following material facts:

1. On or about April 10, 2006, the East Providence Fire Department ("EPFD") received a Building permit application together with a Plan review application for a portion of property located at 275 Ferris Avenue ("Property"). *See Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment ("Defendants' Memorandum"), Exhibits A and B.*

2. The applications were the beginning steps in the process to "fit-up" or perform renovations to the Property for its use by Plaintiff to manufacture wood pellets.

[1] City of East Providence, through its Treasurer, Kevin Fitzgerald, Albert Quattrucci, Joseph Klucznik, David Rave, Curtis Wise and Robert Powers.

3. The Property is owned by Ferris Avenue Realty LLC and occupied by Plaintiff.

4. On May 8, 2006, a meeting was held between representatives of Plaintiff, including its president, William Carden ("Carden") and EPFD Captain Curtis Wise ("Wise") and EPFD Fire Alarm Inspector Robert Powers ("Powers") to discuss Plaintiff's proposed use of the Property.

5. On May 23, 2006, the EPFD received a second building permit application and plan review application for the Property. *See Defendants' Memorandum, Exhibits C and D.* The May building permit application was also filed with the East Providence Building Inspector's Office.

6. On May 23, 2006, the Building Inspector's Office issued a building permit for the Property. *See Defendants' Memorandum, Exhibit E.* However, the EPFD did not approve either the April or May plan review applications for the Property, nor did it sign off its approval on the April or May building permit applications.

7. On August 1, 2006, Powers met with representatives of Plaintiff, including Carden, to address fire alarm issues. EPFD Captain David Rave ("Rave"), who was appointed EPFD Fire Marshal on July 24, 2006, accompanied Inspector Powers.

8. Rave became aware, after his recent appointment, that Plaintiff had filed building permit and plan review applications and that the EPFD had not approved these applications.

9. At the meeting, Rave observed that Plaintiff had performed work on the Property that was not approved by the EPFD. Rave informed Carden that the EPFD had not approved Plaintiff's plans and specifications for the work being performed on the Property.

10. Rave then set about to review the Plaintiff's plans and specifications on file with the EPFD. He also sought additional information from Plaintiff, including details of the dust

collection system, pellet manufacturing process and required fire suppression systems including explosion protect.

11. On August 7, 2006, Rave presented Plaintiff with a list identifying fire and life safety code deficiencies in the plans and specifications. Rave also presented Plaintiff with a letter that set forth Plaintiff's right to appeal his decision to the State Fire Safety Board of Appeal and Review. *See Defendants' Memorandum, Exhibit F.*

12. Plaintiff did not agree with the deficiency list and the high hazard designation of a portion of the Property. Rave suggested an independent third-party review of Plaintiff's operation as allowed by the Rhode Island Fire Safety Code.[2] Among other things, the third-party review provides in-depth technical assistance to the Fire Marshal on complicated fire code compliance issues.

13. Rave selected Hughes Associates, Inc. to conduct the third-party review. Plaintiff submitted new plans and specifications to the EPFD on or about August 16, 2006.

14. On August 23, 2006, Hughes Associates, Inc. issued a 15-page report to Plaintiff affirming the high hazard designation and other fire protection and life safety code deficiencies. Rave completed his review of the August 16, 2006 plans submitted by Plaintiff, rejected them, and issued another fire code deficiency list to Plaintiff on September 6, 2006.

15. A meeting was held at the Property, on September 11, 2006, to discuss the fire code deficiency report and the third-party plan review. The participants included Rave, other members of the EPFD, representatives from the State Fire Marshal's Office, Hughes Associates, Inc., the owner of the Property and Plaintiff, its fire protection engineers, attorney and architects.

[2] NFPA 1 § 1.15.1 states that the Authority Having Jurisdiction shall be permitted to require a review by an independent third party with expertise in the matter to be reviewed at the submitter's expense.

16. Plaintiff requested a one-day temporary certificate of occupancy ("TCO") to hold an open house on September 16, 2006. Rave wrote to the Rhode Island State Fire Marshal requesting permission to approve the one-day TCO. The request was approved by Rhode Island State Fire Marshal.

17. On September 15, 2006, Rave received an unsigned letter from Plaintiff. In the letter, Plaintiff agreed to conform to and complete the deficiency list no later than March 31, 2007. *See Defendants' Memorandum, Exhibit G.* Plaintiff continued to request a TCO from the Building Inspector's Office.

18. On September 27, 2007, Rave wrote to Carden outlining the EPFD history with Plaintiff's project. Rave further stated that, in order for a TCO to issue, "the fire protection and life safety features required of an occupancy must be operational and at a level that the AHJ [Authority Having Jurisdiction] finds acceptable." The letter contained a list of items necessary to comply with the applicable fire and life safety codes to obtain the TCO. *See Defendants' Memorandum, Exhibit H.*

19. On October 11, 2006, the EPFD responded to a fire alarm at the Property. A fire had occurred in the grinding machine. Plaintiff's employees used several portable fire extinguishers and a water hose attached to the Property's sprinkler system to put out the fire. Although no call was placed to the EPFD to report the fire, the use of the water hose triggered the building's fire alarm system. Plaintiff's employees claimed that they were testing the grinder machine.

20. On October 11, 2006, the building inspector and the EPFD issued a Cease and Desist Stop Work Orders to the Property owner.

21. On November 3, 2006, the Fire Safety Board issued a 14-page, written decision granting a variance to allow the EPFD Fire Marshal to approve the East Providence Building Official's discretionary issuance of a series of proposed temporary certificates of occupancy in accordance with certain timetables and conditions contained in the decision. *See Defendants' Memorandum, Exhibit I.*

22. Activity, in the form of hearings and discussions, continue between Plaintiff, the EPFD, the Rhode Island State Fire Marshal's Office and the Board regarding Fire and Life Safety Code compliance with the Property. On April 9, 2007, the State Fire Marshal authorized Rave to issue a temporary certificate of occupancy until June 30, 2007. *See Defendants' Memorandum, Exhibit J.*

Defendants[3]
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto (#2757)
Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com
michael@desistolaw.com

[3] See n. 1.

And,

*/s/ Timothy Chapman*

Timothy Chapman
Assistant Solicitor
CITY OF EAST PROVIDENCE
670 Willett Avenue
East Providence, RI 02915
(401) 433-5200
(401) 437-3618 fax
tchapman@cityofeastprov.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 15th day of April, 2007, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system.

Vicki J. Bejma
vbejma@smrobinsonlaw.com

Stephen M. Robinson
srobinson@smrobinsonlaw.com

Richard B. Woolley
rwoolley@riag.ri.gov

*/s/ Michael A. DeSisto*

Michael A. DeSisto