**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **NARRAGANSETT PELLET CORP.** | |
| **VS.** | **C.A. No. 06-464 ML** |
| **CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Fire Captain and Deputy State Fire Marshal; W. KEITH BURLLINGAME, individually; CURTIS R. WISE, individually and in his capacity Captain, East Providence Fire Marshal, East Providence Fire Marshall and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | |

**ANSWER TO SECOND AMENDED COMPLAINT**
**BY W. KEITH BURLINGAME**

Now comes W. Keith Burlingame and responds to the Second Amended Complaint on file herein as follows:

Parties

1. This Defendant lacks sufficient information and belief to respond to paragraphs 1 through 7 inclusive and paragraph 9 and on that ground denies said allegations.

2. This Defendant admits the allegations contained in paragraph 8 of the Second Amended Complaint.

General Allegations

3. This Defendant lacks sufficient information and belief to respond to paragraphs 10 through 62 inclusive, and on that ground denies said allegations

4. Defendant Burlingame responds to paragraph 63 as follows: On or about August 16, 2006 Defendant W. Keith Burlingame, an employee of Hughes Associates, Inc. [hereinafter HAI] answered an incoming telephone call, part of his normal daily duties. The caller, Robert J. Powers, Fire Alarm Inspector for the City of East Providence, RI inquired if HAI would be available to perform a 3rd party review of a project in their City in accordance with RIUFC § 1.15. Defendant Burlingame responded to Inspector Powers

that he would check the availability of HAI staff engineers to assist in this review. Defendant Burlingame determined that Lawrence J. Wenzel, Senior Fire Protection Consultant of HAI's Connecticut office would be available to assist. This information was subsequently relayed to Inspector Powers wherein a meeting was scheduled for August 17, 2006 at the Narragansett Pellet Corporation [hereinafter NPC] located at 275 Ferris Avenue in East Providence, RI.

On August 17, 2006 Defendant Burlingame met at the site with Mr. Wenzel, members of the East Providence Fire Department and several representatives of NPC. At this time a tour of the facility was provided by NPC's representatives and several photographs were taken by Mr. Wenzel. Subsequently Mr. Wenzel developed and issued his ***Hazard and Fire Protection Review*** dated August 23, 2006. Defendant Burlingame's limited involvement in the project was to assist in basic code research, obtain local water supply data, attendance at local meetings and delivery of the ***Review*** to the East Providence fire officials.

5. During the August 17, 2006 meeting all attendees gathered in the large production area of the facility prior to a tour of the operation. In a circular fashion, each attendee informally introduced themselves and their affiliation. Following Mr. Wenzel's introduction as HAI's representative Defendant Burlingame further introduced himself as a HAI employee and further mentioned that he also sits on the State Fire Board. At no time during this meeting was there any mention of the matter having been before the Board or needing to appear before the Board as part of the requested 3rd-party review.

   On September 11, 2006, a second meeting was held at NPC to review and discuss Mr. Wenzel's Review. During this meeting, Defendant Burlingame sat away from the table, along the rear wall of the room. NPC's architect, Dana M. Newbrook, who also is a member of the Board, clearly recognized Defendant Burlingame as a fellow Board member.

   Following NPC's subsequent allegation of a conflict of interest by Defendant Burlingame, Defendant Burlingame and Board Executive Director Thomas B. Coffey, Jr. met with RI Ethics Commission staff attorney Jason Grammitt on October 26, 2006 who informally opined that Defendant Burlingame had no statutory or regulatory requirement to disclose membership on the Board when there was no matter before said Board. It was not until October 31, 2006 that this matter came before the Board [File No. 060894], at which time Defendant Burlingame recused himself from any participation in accordance with RI General Laws, 1956, as amended § 36-14-6.

6. This Defendant lacks sufficient information and belief to respond to paragraphs 65 through 145 inclusive, and on that ground denies said allegations.

<u>Count I</u>
<u>Injunctive Relief</u>

7. This defendant incorporates his previous responses by reference in response to paragraph 146.

8. Paragraphs 147, 148 and 149 state legal conclusions to which no response is necessary. To the extent they allege facts they are denied.

9. This Defendant lacks sufficient information and belief to respond to paragraphs 150, 151, 152 and 153 and on that ground denies said allegations.

10. Paragraphs 154, 155 and 156 state legal conclusions to which no response is necessary. To the extent they allege facts they are denied.

11. This Defendant lacks sufficient information and belief to respond to paragraphs 157 through 165 inclusive and on that ground denies said allegations.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

<u>Count II</u>
<u>Declaratory Relief</u>

12. This Defendant incorporates his previous responses by reference in response to paragraph 166.

13. This Defendant lacks sufficient information and belief to respond to paragraphs 167 through 171 inclusive and on that ground denies same.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

<u>Count III</u>
<u>§ 1983</u>

14. This Defendant incorporates his previous responses by reference in response to paragraph 172.

15. This Defendant denies paragraph 173.

16. This Defendant lacks sufficient information and belief to respond to paragraphs 174 through 177 inclusive and on that ground denies said allegations.

17. This Defendant denies paragraph 178.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count IV
Intentional Interference With Economic Advantage

18. This Defendant incorporates his previous responses by reference in response to paragraph 179.

19. This Defendant lacks sufficient information and belief to respond to paragraphs 180 through 184 inclusive and on that ground denies said allegations.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count V
Intentional Interference With Economic Advantage

20. This Defendant incorporates his previous responses by reference in response to paragraph 185.

21. This Defendant lacks sufficient information and belief to respond to paragraphs 186 through 190 inclusive and on that ground denies said allegations.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count VI
Intentional Interference With Contractual and Advantageous Relations

22. This Defendant incorporates his previous responses by reference in response to paragraph 191.

23. This Defendant lacks sufficient information and belief to respond to paragraphs 192 through 196 inclusive and on that ground denies said allegations.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count VII
Lender Liability

24. This Defendant incorporates his previous responses by reference in response to paragraph 197.

25. This Defendant lacks sufficient information and belief to respond to paragraphs 198 through 203 inclusive and on that ground denies said allegations.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count VIII
Civil Conspiracy

26. This Defendant incorporates his previous responses by reference in response to paragraph 204.

27. This Defendant denies paragraphs 205, 206 and 207.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count IX
Civil Conspiracy

28. This Defendant incorporates his previous responses by reference in response to paragraph 208.

29. This Defendant denies paragraphs 209, 210 and 211.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count X
Civil Conspiracy

30. This Defendant incorporates his previous responses by reference in response to paragraph 212.

31. This Defendant denies paragraphs 213, 214 and 215.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

Count XI
Estoppel

32. This Defendant incorporates his previous responses by reference in response to paragraph 216.

33. This Defendant lacks sufficient information and belief to respond to paragraphs 217 through 222 inclusive and on that ground denies said allegations.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

AFFIRMATIVE DEFENSES

1. This Defendant pleads absolute and qualified immunity as a bar to the within Second Amended Complaint, including all forms of statutory, common law and other immunities.

2. To the extent this Defendant is protected by any statutory, common law and/or sovereign immunity, the 11th Amendment to the United States Constitution bars this action.

3. This Defendant is protected by the $100,000 limit in the Tort Claims Act and is immune from any payment of interest, costs or other monetary awards not expressly authorized therein.

4. This Defendant is protected by the doctrine of Discretionary Immunity.

5. This Defendant is protected by the Public Duty Doctrine.

6. This Defendant is protected by Legislative Immunity.

7. The damages complained of herein were caused by independent intervening acts or omissions of others over whom this Defendant has no control or responsibility.

8. This Defendant is entitled to an offset for all sums paid by others up to its maximum liability of $100,000.

9. This Defendant is protected by the doctrine of Qualified Immunity.

10. This Defendant is protected by the doctrine of Quasi-Judicial Immunity.

11. This Defendant asserts that these Plaintiffs has failed to allege a legal duty to them or a casual connection between their alleged injuries and the acts or omissions of this Defendant.

12. Only payment out of unappropriated State funds per the Rhode Island Tort Claims Act, R.I. Gen. Laws § 9-31-5, may satisfy a recovery, if any, in this action and this Defendant is immune from recovery from any other source.

13. This Defendant pleads immunity and relief from liability including, but not limited to those provided by R.I. Gen. Laws § 23-28.2-17.

14. The Complaint fails to sate a cause of action.

15. Plaintiff failed to mitigate damages.

**WHEREFORE** Defendant prays that the Second Amended Complaint be dismissed as to him and that he be awarded attorneys fees and costs and such further relief as is just.

DEFENDANT
W. KEITH BURLINGAME
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/Richard B. Woolley*
Richard B. Woolley, No. 1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
Fax: (401) 2222995
Rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing was sent by electronic service and/or mail to all of the parties below:

*/s/Stephen M. Robinson*
Stephen M. Robinson, Esquire
*/s/Vicki J. Bejma*
Vicki J. Bejma, Esquire
155 S. Main St., Ste. 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888

Timothy Chapman, Esq.
Office of the City Solicitor
City Hall
145 Taunton Avenue
East Providence, RI 02914

Marc DeSisto, Esq.
2 Angell Street
P.O. Box 2563
Providence, RI 02906

*/s/Richard B. Woolley*