**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.**<br><br>**VS.**<br><br>**CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Fire Captain and Deputy State Fire Marshal; W. KEITH BURLLINGAME, individually; CURTIS R. WISE, individually and in his capacity Captain, East Providence Fire Marshal, East Providence Fire Marshall and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | **C.A. No. 06-464 ML** |

**DEFENDANT W. KEITH BURLINGAME'S**
**MOTION FOR SUMMARY JUDGMENT**

Now comes Defendant W. Keith Burlingame and hereby moves for summary judgment in this matter. In support thereof, Defendant relies on his memorandum of law filed herewith.

DEFENDANT
W. KEITH BURLINGAME
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/Richard B. Woolley*_____________

Richard B. Woolley, No. 1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
Fax: (401) 222-2995
rwoolley@riag.ri.gov

# CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 25th day of July, 2007, that it is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system:

- **Vicki J. Bejma**
  vbejma@smrobinsonlaw.com

- **Timothy John Chapman**
  tchapman@cityofeastprov.com chapman@eplaw.necoxmail.com; bsousa@cityofeastprov.com; rlefebvre@cityofeastprov.com

- **Marc DeSisto**
  marc@desistolaw.com; mary@desistolaw.com;laura@desistolaw.com

- **Michael A. DeSisto**
  michael@desistolaw.com; mary@desistolaw.com; laura@desistolaw.com

- **Stephen M. Robinson**
  srobinson@smrobinsonlaw.com

*/s/Richard B. Woolley*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.** | : | |
| **VS.** | : | **C.A. No. 06-464 ML** |
| **CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Fire Captain and Deputy State Fire Marshal; W. KEITH BURLINGAME, individually; CURTIS R. WISE, individually and in his capacity Captain, East Providence Fire Marshal, East Providence Fire Marshall and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | |

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR SUMMARY JUDGMENT OF W. KEITH BURLINGAME**

## I. Background

Plaintiff has now filed its Second Amended Complaint for Injunctive Relief and for Monetary Damages which has two-hundred twenty-two paragraphs of allegations spread through 34 pages. Also included are Exhibits A through and including S.

There are only six (6) places within this massive diatribe against the City of East Providence and its building and fire officials where Defendant W. Keith Burlingame is mentioned.

In "Parties" at Paragraph 8 wherein it is alleged that:

> "8. Defendant, W. Keith Burlingame, is a member of the Fire Safety Code Board of Review and Appeal. He is an attorney and is employed by Hughes Associates, Inc., a firm engaged in fire safety consulting. He is sued in his individual capacity."

In General Allegations at Paragraphs 63 and 64 wherein it is alleged that:

> "63. Defendant, W. Keith Burlingame participated in said review as an employee of Hughes Associates, Inc."

> "64. Defendant W. Keith Burlingame did not disclose his membership on the Fire Code Board of Appeal and Review to Narragansett."

In Count IX Civil Conspiracy at Paragraphs 209 and 210 wherein it is alleged that:

> "209. Defendant Rave did engage in civil conspiracy with Defendant Burlingame, through his employer, for the purpose of violation of the Rhode Island Code of Ethics, R.I. Gen. Laws § 36-14-5(a) which prohibits any "…business, employment, transaction or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his or her duties or employment in the public interest…"

> "210. Conduct of Defendant Rave in making a business referral to Defendant Burlingame, who exercises public regulatory jurisdiction over Defendant Rave, constitutes violation of the Rhode Island Code of Ethics."

and also in Exhibit M, the November 3, 2006 Decision of the Fire Safety code Board of Appeal and Review which in pertinent part reads as follows:

> "The above-captioned case was originally filed with the Board on October 26, 2006. It was thereupon scheduled for an expedited hearing on October 31, 2006 at 1:00 p.m. At that time, Chairman Coutu and Commissioners Preiss, Pearson, Filippi, O'Connell and Pearson were present. Vice Chairman Burlingame and Commissioners Newbrook and Blackburn recused themselves from consideration of this case. The fire service was represented by Assistant Deputy State Fire Marshals David Rave and Robert Powers of the East Providence Fire Marshal's Office. The Applicant was represented by its General Counsel, Leon Blais, Esq. And Stephen M. Robinson, Esq." (underlining added)

Plaintiff in Paragraph 186 alleges that:

> "186. Plaintiff derived economic advantage as a result of the Fire Board's November 3, 2006 decision, and the expectation of

> ultimately receiving a Certificate of Occupancy, in that the Plaintiff would be able to begin its business operations."

**II. Standard of Review**

Defendant, W. Keith Burlingame, moves for Summary Judgment in accordance with **F.R. Civ. P. 56(c).** Summary Judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In re: Genuity, Inc. v. Metropolitan Transportation Authority, 2007 WL 1792252 *quoting* **Fed. R. Civ P. 56(c)**; *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23. Also, "[s]ummary judgment is appropriate against a party who, after a sufficient time for discovery, 'fails to make a showing sufficient to establish to that party's case, and on which that party will bear the burden of proof at trial.'" Torraco v. Maloney, 923 F. 2d 231, 232 (1st Cir. 1991) *quoting* Celotex Corp., 477 U.S. at 322.

"There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for jury to return a verdict for that party; if the evidence is merely colorable or it is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc.; *see also* **Fed. R. Civ. P. 56(c), 28 U.S.C.A.**

**III. Argument**

Plaintiff's Second Amended Complaint as Against Defendant W. Keith Burlingame Fails to State a Claim Upon Which Relief Can Be Granted.

The sum and substance of Plaintiff's claim against Defendant Burlingame is that he was a member of the Fire Safety Code Board of Appeal and Review at the same time he was employed by Hughes Associates, Inc., a firm engaged in fire safety consulting;

that he participated in a (CITE R&R) third-party review of NPC without disclosing his membership on the Board, and that this constitutes a civil conspiracy.

It is significant to note that Plaintiff fails to allege that anything Defendant Burlingame did or failed to do resulted in any damage whatsoever to Plaintiff. Quite the opposite. Plaintiff cites the favorable decision of the Fire Safety Code Board of Appeal and Review as a basis for its claims against the City of East Providence.

A. The Rhode Island Code of Ethics Statute Does Not Create a Private Cause of Action

NPC alleges that Defendant Burlingame engaged in Civil Conspiracy by violating the Rhode Island Code of Ethics, which prohibits "[a]ny business, employment, transaction, or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his or her duties or employment in the public interest..." R.I. Gen. Laws § 36-14-5(a).

Rhode Island case law specifically states that the statute in question must give an individual a "private right of action" in order to have such a remedy under the statute. Heritage Healthcare Services, Inc., vs. Beacon Mut. Ins. Co., 2004 WL 253547 (R.I. 2004). In order for a regulatory statute to give an individual a private right of action, "the legislature must both intend to create a right of action and evince that intent through the express language of the statute." Stebbins v. Wells, 818 A.2d 580, 584 (R.I. 2003).

The Rhode Island Code of Ethics has neither expressed nor implied language in the statute to suggest that the legislature had the intent to create a private right of action for an individual to sue under the statute. "When a statute does not plainly provide for a private cause of action, such a right cannot be inferred." Bandoni v. State 715 A.2d 580, 584 (R.I. 1998) *quoting* In re John, 605 A.2d 486, 488 (R.I. 1992).

Plaintiff alleges that Defendant Burlingame's actions of engaging in a third party review of NPC without disclosing his membership on the Fire Code Board of Appeal and Review was a violation of the Rhode Island Code of Ethics. Mr. Burlingame did not. The Defendant had no financial interest in NPC nor did he "engage in any business, employment, transactions or professional activity" which was a substantial conflict of his role or duties or "employment in the public interest" as the statute requires. R.I. Gen. Laws § 36-14-5(a). Furthermore, even if Defendant Burlingame violated the Code of Ethics, Rhode Island case law specifically held that a "defendant's violation of the rules cannot give rise to a private right of action for civil damages by a Plaintiff against them for breach of their ethical obligations." Hurley v. Fuyat, 1994 WL 93091 (R.I. 1994); *see also* Bickel v. Mackie, 447 F.Supp. at 1383; Weisman v. Kirkland and Ellis, 732 F.Supp. 1540, 1544 (D. Colo. 1990). In Hurley, the Court ruled that a "private cause of action based on alleged violations of the rules (in this case, it was the rules of Ethics for an attorney) are expressly forbidden." Hurley v. Fuyat, 1994 WL 930891 (R.I. 1994). The Court reasoned that: "[T]he rules of conduct are both prophylactic and remedial; they are not intended to be used as swords to battle opposing lawyers in collateral proceedings or to create civil liability for such lawyers where none otherwise exist," Id. at 7. This reasoning applies directly to the case at hand and supports the Defendant's claim that there can be no private cause of action under Section 36-14-5(a) because this is a regulatory statute that was enacted to regulate and control the "appearance of impropriety." Town of Lincoln v. Lincoln Lodge, 660 A.2d 710 (R.I. 1995); *see also* R.I. Constitution, Article III, § 7.

In conclusion, regulatory enactment statutes such as Section 36-14-5(a) do not create a private cause of action. The legislature neither expressly nor impliedly provides for such a remedy under the statute as the precedent of case law clearly requires. Defendant's actions do not violate any provision under the statute and even if the Defendant did, there is still no remedy for civil liability under the statute. The underlying intent of the legislature when enacting the statute was to provide guidance to public officials to avoid the appearance of improprieties, not to create civil liability for a violation of the rules. For these reasons, Section 36-14-5(a) cannot serve as a basis for civil liability against Defendant Burlingame.

Defendant Burlingame also joins in and incorporates by reference the arguments made by Co-defendants in their Argument C. Civil Conspiracy at pages 22 through 24 of Defendants' Memorandum In Support of Their Motion For Summary Judgment in support of the foregoing argument.

B. Defendant, W. Keith Burlingame, is Protected by The Doctrine of Qualified Immunity.

Defendant Burlingame joins in and incorporates by reference the arguments made by Co-defendants with respect to the Doctrine of Qualified Immunity in their Argument A, Procedural and Substantive Due Process Under 42 U.S.C. 1983 and more particularly at pages 17 and 18 of Defendants' Memorandum In Support of Their Motion For Summary Judgment.

As opined by Ethics Commission Legal Counsel Jason Grammit, Defendant Burlingame had no obligation to disclose his membership on the Fire Board because at the time his company, Hughes Associates, Inc., was engaged to conduct a third-party review, NPC had nothing pending before the Fire Board and when the matter came

before the Board, Defendant Burlingame recused himself from the proceedings and NPC received favorable consideration from the Board.

Defendant Burlingame is clearly protected by the Doctrine of Qualified Immunity.

C. Defendant Burlingame Is Protected By Quasi-judicial Immunity

Defendant Burlingame has been sued in this action because at the time in question he was a member of the Fire Safety Code Board of Review and Appeal. Plaintiff alleges that Defendant Burlingame "exercised public regulatory jurisdiction over Defendant Rave" by virtue of his position on the Fire Board, yet it is undisputed that when NPC appeared before the Board, Defendant Burlingame recused himself and NPC received favorable treatment by the Board.

There is no evidence whatsoever that Defendant Burlingame did or failed to do anything that remotely caused damage or injury to Plaintiff. Even if Plaintiff could conjure up some basis for a claim against Defendant Burlingame, he is protected by the Doctrine of Quasi-judicial Immunity. Johnson v. Rhode Island Parole Board Members, 815 F.2d 5 (1st Cir. 1987).

D. Defendant Burlingame Is Protected by The Provisions of R.I. Gen. Laws § 23-28.3-11

Defendant Burlingame as a member of the Fire Safety Code Board of Appeal and Review has the benefit of R.I. Gen. Laws § 23-28.3-11 which reads as follows:

> **23-28.3-11. Relief from responsibility. –** The commissioners and employees of the Fire Safety Code board of appeal and review shall not render themselves liable personally, and they are hereby relieved from all personal liability for any damage that may accrue to persons or property as a result of any act required or permitted in the discharge of their official duties. Any suit instituted against any commissioner or employee of the Fire Safety Code board of

> appeal and review because of an act performed by him or her in the lawful discharge of his or her duties, and under the provisions of the Fire Safety Code, shall be defended by the legal representative of the state until the final termination of the proceedings. In no case shall the commissioners or employees be liable for costs in any action, suit, or proceedings that may be instituted in pursuance of the provisions of the Fire Safety Code, and any commissioner or employee, acting in good faith and without malice, shall be free from liability for acts performed under any of its provisions or by reason of any act or omission in the performance of his or her official duties in connection therewith.

## CONCLUSION

For the foregoing reasons Defendant W. Keith Burlingame respectfully submits that he is entitled to Summary Judgment in his favor in this action.

DEFENDANT
W. KEITH BURLINGAME
By His Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/Richard B. Woolley*_____________

Richard B. Woolley, No. 1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 25th day of July, 2007, that it is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system:

- **Vicki J. Bejma**
  vbejma@smrobinsonlaw.com

- **Timothy John Chapman**
  tchapman@cityofeastprov.com chapman@eplaw.necoxmail.com; bsousa@cityofeastprov.com; rlefebvre@cityofeastprov.com

- **Marc DeSisto**
  marc@desistolaw.com; mary@desistolaw.com;laura@desistolaw.com

- **Michael A. DeSisto**
  michael@desistolaw.com; mary@desistolaw.com; laura@desistolaw.com

- **Stephen M. Robinson**
  srobinson@smrobinsonlaw.com

*/s/Richard B. Woolley*