# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.**<br><br>**VS.**<br><br>**CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Fire Captain and Deputy State Fire Marshal; W. KEITH BURLLINGAME, individually; CURTIS R. WISE, individually and in his capacity Captain, East Providence Fire Marshal, East Providence Fire Marshall and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | **C.A. No. 06-464 ML** |

**AFFIDAVIT OF W. KEITH BURLINGAME**

I, W. Keith Burlingame, do hereby depose and state as follows:

1. That I have personal knowledge of the facts set forth herein.

2. That the following is a true and accurate account of my involvement with Narragansett Pellet Corp.

On or about August 16, 2006 Defendant W. Keith Burlingame, an employee of Hughes Associates, Inc. [hereinafter HAI] answered an incoming telephone call, part of his normal daily duties. The caller, Robert J. Powers, Fire Alarm Inspector for the City of East Providence, RI inquired if HAI would be available to perform a 3rd party review of a project in their City in accordance with RIUFC § 1.15. Defendant Burlingame responded to Inspector Powers that he would check the availability of HAI staff engineers to assist in this review. Defendant Burlingame determined that Lawrence J. Wenzel, Senior Fire Protection Consultant of HAI's Connecticut office would be available to assist. This information was subsequently relayed to Inspector Powers wherein a meeting was scheduled for August 17, 2006 at the Narragansett Pellet Corporation [hereinafter NPC] located at 275 Ferris Avenue in East Providence, RI.

On August 17, 2006 Defendant Burlingame met at the site with Mr. Wenzel, members of the East Providence Fire Department and several representatives of NPC. At this time a tour of the facility was provided by NPC's representatives and several photographs were taken by Mr. Wenzel. Subsequently Mr. Wenzel developed and issued his *Hazard and Fire Protection Review* dated August 23, 2006. Defendant Burlingame's limited involvement in the project was to assist in

basic code research, obtain local water supply data, attendance at local meetings and delivery of the *Review* to the East Providence fire officials.

During the August 17, 2006 meeting all attendees gathered in the large production area of the facility prior to a tour of the operation. In a circular fashion, each attendee informally introduced themselves and their affiliation. Following Mr. Wenzel's introduction as HAI's representative Defendant Burlingame further introduced himself as a HAI employee and further mentioned that he also sits on the State Fire Board. At no time during this meeting was there any mention of the matter having been before the Board or needing to appear before the Board as part of the requested 3rd-party review.

On September 11, 2006, a second meeting was held at NPC to review and discuss Mr. Wenzel's Review. Mr. Wenzel sat at the main table and represented HAI as to the Review. During this meeting, Defendant Burlingame sat away from the table, along the rear wall of the room. NPC's architect, Dana M. Newbrook, who also is a member of the Board, clearly recognized Defendant Burlingame as a fellow Board member.

Following NPC's subsequent allegation of a conflict of interest by Defendant Burlingame, Defendant Burlingame and Board Executive Director Thomas B. Coffey, Jr. met with RI Ethics Commission staff attorney Jason Grammitt on October 26, 2006 who informally opined that Defendant Burlingame had no statutory or regulatory requirement to disclose membership on the Board when there was no matter before said Board. It was not until October 31, 2006 that this matter came before the Board [File No. 060894], at which time Defendant Burlingame recused himself from any participation in accordance with RI General Laws, 1956, as amended § 36-14-6.

3. That the above information is true and accurate to the best of my knowledge.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge.

W. Keith Burlingame
W. KEITH BURLINGAME

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Sworn and subscribed to before me on the 24th day of July, 2007.

Linda J. Caldarone
Notary Public
My Commission Expires: 12/15/08