**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.** | : | |
| **VS.** | : | **C.A. No. 06-464** |
| **CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Captain, East Providence Fire Department, East Providence Fire Marshal and Deputy State Fire Marshal; W. KEITH BURLINGAME, individually; CURTIS R. WISE, individually and in his capacity as Captain, East Providence Fire Marshal, East Providence Fire Marshal and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | |

**PLAINTIFF'S MOTION PURSUANT TO RULE 56(f)**

Now comes the Plaintiff, and moves for a continuance and discovery pursuant to Fed.Civ.R.P. 56(f). In support of its Motion, Plaintiff relies upon its Memorandum and Affidavit, attached hereto and made a part hereof.

Narragansett Pellet Corp.
By its attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 3, 2007

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 3, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that on August 7, 2007 I sent a true copy of the within by electronic service and/or fax and mail to all of the parties below:

Timothy Chapman, Esq.
Office of the City Solicitor
City Hall
145 Taunton Avenue
East Providence, RI 02914

Department of the Attorney General
150 South Main Street
Providence, RI 02903

Marc DeSisto, Esq.
2 Angell Street
P.O. Box 2563
Providence, RI 02906

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. No. 06-464** |
| | : | |
| **CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Captain, East Providence Fire Department, East Providence Fire Marshal and Deputy State Fire Marshal; W. KEITH BURLINGAME, individually; CURTIS R. WISE, individually and in his capacity as Captain, East Providence Fire Marshal, East Providence Fire Marshal and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION PURSUANT TO RULE 56(f)**

## I. INTRODUCTION

This matter comes before this Honorable Court on the Motion for Summary Judgment filed by Defendant W. Keith Burlingame. Count IX of Plaintiff's Second Amended Complaint had raised a claim against Defendant Burlingame for civil conspiracy to violate the provision of the Code of Ethics for Rhode Island public employees, R.I.G.L. § 36-14-5. Specifically, the Plaintiff alleged that the Defendant Burlingame, a member of the State Fire Code Board of Appeal and Review, had conspired with members of the East Providence Fire Department to gain business referrals for Hughes Associates. In this case, at the behest of the East Providence Fire Department, Hughes Associates performed a third-party review of Plaintiff's plant regarding fire code compliance. Plaintiff was later billed for that third-party review. Plaintiff alleges that

this conduct is violative of the Code, which forbids public officials from engaging in any ". . . business, employment, transaction or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his or her duties or employment in the public interest." R.I.G.L. § 36-14-5. The receipt of referrals from those whom one has regulatory authority has been recognized a violation of the Code.

Defendant Burlingame seeks summary judgment on this Count. Because the Plaintiff has not yet had the opportunity to perform discovery, and requires that said discovery be performed in order to defend against Defendant Burlingame's summary judgment motion, the Plaintiff now requests an extension and opportunity for discovery pursuant to Rule 56(f).

## II. LEGAL ARGUMENT

In order to defeat a motion for summary judgment, the opposing party must demonstrate, through ". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. . ." that there is a genuine issue of material fact such that a reasonable jury could find in the favor of the party opposing the motion. Fed.R.Civ.P. 56(c). *See also* Kelly v. Marcantonio, 187 F.3d 192, 198 (1st Cir. 1999), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 233, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). It is well-recognized that the opposing party must have had adequate discovery in order to gather sufficient evidence to defend against summary judgment. *See, e.g.,* Celotex v. Catrett, 477 U.S. at 323. In instances where it appears that the opponent needs to conduct discovery in order to adequate defend against summary judgment, Fed.R.Civ.P.56(f) permits the opponent to file for an extension of time to respond to the summary judgment motion in order to conduct discovery.

In order to obtain an extension of time to conduct discovery needed under Fed.R.Civ.P. 56(f), the movant must: 1) demonstrate that the motion was presented in a timely manner; 2)

show good cause for the failure to discovery the necessary facts sooner; 3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and 4) establish the sought facts, if found, will "influence the outcome of the pending motion for summary judgment." *See* Adorno v. Crowley Towing and Transportation Co., 443 F.3d 122, 127 (1st Cir. 2006). The showing of the necessity for additional discovery must be made through affidavit. *See id.*

The motion for summary judgment was first filed on or about July 25, 2007. Accordingly, the Plaintiff cannot be said to have waited an undue period of time to present this motion, barely a week later. Furthermore, it was not until the Plaintiff received Defendant Burlingame's motion and supporting affidavits that it was able to learn the precise basis upon which Defendant Burlingame sought summary judgment. Defendant Burlingame argues, in support of that motion, that the Plaintiff has stated a claim upon which no relief can be granted. Defendant Burlingame, through his Statement of Undisputed Facts and Affidavits, has made extensive allegations suggesting that his role in the hiring of Hughes Associates and the conduct of the third-party review were minimal, and that Lawrence J. Wenzel, Hughes' Senior Fire Protection Consultant of Hughes Associates, was actually responsible for performing the work. In particular, Defendant Burlingame's Affidavit references a telephone conversation of August 16, 2006 between himself and Defendant Robert J. Powers, Fire Alarm Inspector for the City of Providence. (Burlingame Affidavit, ¶ 2.) Defendant Burlingame's affidavit also suggests that his contact with Defendant Powers had been the result of his merely picking up the telephone at his workplace. Defendant Burlingame also alleges in his defense that he had consulted with the Ethics Commission regarding any duty to disclose the fact of his Board membership. (Burlingame Affidavit, ¶ 2.)

Until Defendant Burlingame presented that affidavit, Plaintiff knew nothing of the interaction between Defendant Burlingame and Defendant Powers. Until receiving Defendant Burlingame's affidavit, Plaintiff had been led to believe that Defendant David Rave, the local Fire Marshal, had contacted Hughes Associates. (See Affidavit, ¶ 4.) Plaintiff had no way of knowing of Defendant Burlingame's consultation with the Ethics Commission's attorney. (See Affidavit, ¶ 6.) Plaintiff also had been led to believe that Defendant Burlingame's participation in the third-party review had been more extensive than Defendant Burlingame now claims. (See Affidavit, ¶ 5.)

Under these circumstances, the Plaintiff should be permitted the opportunity to perform discovery before being required to respond to Defendant Burlingame's Motion for Summary Judgment. Specifically, Plaintiff requests the opportunity to depose Defendants Rave, Powers, and Burlingame, as well as Lawrence J. Wenzel, in order to ascertain the manner in which Hughes Associates was selected for the third-party review, the precise nature of the work performed by Defendant Burlingame in the third-party review, and also to inquire as to Defendant Burlingame's consultation with the Ethics Commission's attorney. Plaintiff also seeks the opportunity to obtain documents from Hughes Associates in order to ascertain the method in Hughes Associates was selected, and the precise nature of Defendant Burlingame's involvement. If these are granted, this Court will have made available to it a fully developed record regarding these issues, and will be better able to determine whether there are any material issues of fact regarding Plaintiff's Count IX.

**III. CONCLUSION**

For the above-referenced reasons, the Plaintiff's Rule 56(f) motion should be GRANTED.

Narragansett Pellet Corp.
By its attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 3, 2007

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 3, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that on August 7, 2007 I sent a true copy of the within by electronic service and/or fax and mail to all of the parties below:

Timothy Chapman, Esq.
Office of the City Solicitor
City Hall
145 Taunton Avenue
East Providence, RI 02914

Department of the Attorney General
150 South Main Street
Providence, RI 02903

Marc DeSisto, Esq.
2 Angell Street
P.O. Box 2563
Providence, RI 02906

/s/ Vicki J. Bejma

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NARRAGANSETT PELLET CORP.<br><br>VS.<br><br>CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Fire Captain and Deputy State Fire Marshal; GEORGE S. FARRELL, in his Capacity as State Fire Marshal; and RENE R. COUTU, W. KEITH BURLINGAME, MARK J. BLACKBURN, MARION C. FILIPPI, DANA NEWBROOK, RICHARD O'CONNELL, STEWART D. PEARSON, GORDON PREISS, and HENRY RICHARD, JR., in their capacities as members of the FIRE SAFETY CODE BOARD OF APPEAL AND REVIEW; and THOMAS B. COFFEY, Jr., in his capacity as Executive Director of the Fire Safety Code Board of Appeal and Review | C.A. No. 06-464 |

AFFIDAVIT OF WILLIAM CARDEN

I, William Carden, under the pains and penalties of perjury, depose and say as follows:

1. I am the President for Narragansett Pellet, and have been so since the establishment of said corporation in early 2006.

2. Since the establishment of Narragansett Pellet, I have participated in discussions with officials of the City of East Providence regarding fire code compliance issues.

3. On or about August 8, 2006, Defendant Rave, then the Fire Marshal for the City of East Providence, notified Narragansett Pellet that he would be arranging for a third-party review of Narragansett Pellet's plant regarding fire code compliance.

4. At no time was I aware that Defendant Powers was involved in the selection and/or

contacting of Hughes Associates, Inc., to perform said third-party review.

5. To the best of my knowledge and observation, Defendant Burlingame had actively and extensively participated in the third-party review, although he was not specifically referenced on later invoices.

6. At no time was I aware that Defendant Burlingame had consulted with the Ethics Commission attorneys regarding any obligation to reveal his membership on the Fire Safety Code Board of Appeal and Review.

SIGNED OF MY OWN FREE WILL UNDER THE PAINS AND PENALTIES OF PERJURY

THIS 7th DAY OF August, 2007 AT

275 Ferris Ave, Rumford, RI 02916

William Carden