**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.** | : | |
| **VS.** | : | **C.A. No. 06-464** |
| **CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Captain, East Providence Fire Department, East Providence Fire Marshal and Deputy State Fire Marshal; W. KEITH BURLINGAME, individually; CURTIS R. WISE, individually and in his capacity as Captain, East Providence Fire Marshal, East Providence Fire Marshal and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT W. KEITH BURLINGAME'S MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff, and hereby objects to Defendant W. Keith Burlingame's Motion for Summary Judgment. In support of said Objection, Plaintiff relies upon its Memorandum, attached hereto and made a part hereof.

Narragansett Pellet Corp.
By its attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 31, 2007

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 31, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that on August 31, 2007 I sent a true copy of the within by electronic service and/or fax and mail to all of the parties below:

Timothy Chapman, Esq.
Office of the City Solicitor
City Hall
145 Taunton Avenue
East Providence, RI 02914

Richard B. Woolley, Esq.
Department of the Attorney General
150 South Main Street
Providence, RI 02903

Marc DeSisto, Esq.
2 Angell Street
P.O. Box 2563
Providence, RI 02906

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NARRAGANSETT PELLET CORP.** | : | |
| **VS.** | : | **C.A. No. 06-464** |
| **CITY OF EAST PROVIDENCE, through its Treasurer, KEVIN FITZGERALD; ALBERT QUATTRUCCI, individually and in his capacity as Building Official of the City of East Providence; JOSEPH J. KLUCZNIK, individually and in his capacity as Fire Chief of the City of East Providence, and DAVID RAVE, individually and in his capacities as Captain, East Providence Fire Department, East Providence Fire Marshal and Deputy State Fire Marshal; W. KEITH BURLINGAME, individually; CURTIS R. WISE, individually and in his capacity as Captain, East Providence Fire Marshal, East Providence Fire Marshal and Deputy State Fire Marshal; ROBERT POWERS, individually and in his capacity as Fire Alarm Inspector, City of East Providence** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT W. KEITH BURLINGAME'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter comes before this Honorable Court on the Motion for Summary Judgment filed by Defendant W. Keith Burlingame. Count IX of Plaintiff's Second Amended Complaint raised a claim against Defendant Burlingame for civil conspiracy to violate the provision of the Code of Ethics for Rhode Island public employees, R.I.G.L. § 36-14-5. Specifically, the Plaintiff alleged that the Defendant Burlingame, a member of the State Fire Code Board of Appeal and Review, had conspired with members of the East Providence Fire Department to gain business referrals for Hughes Associates. In this case, at the behest of the East Providence

Fire Marshal, Hughes Associates performed a third-party review of Plaintiff's plant regarding fire code compliance. Plaintiff was later billed for that third-party review.

Plaintiff alleges that this conduct is violative of the Code, which forbids public officials from engaging in any ". . . business, employment, transaction or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his or her duties or employment in the public interest." R.I.G.L. § 36-14-5. The receipt of referrals from those over whom one has regulatory authority has been recognized a violation of the Code. Because Defendant Burlingame has regulatory authority over the East Providence Fire Marshal, it was therefore a violation of the Code to accept business referrals from the Fire Marshal.

Defendant Burlingame seeks summary judgment on this Count. He asserts that he is immune from being held accountable by the Plaintiff because there is no private right of action in these matters. Defendant also asserts that he has qualified immunity, quasi-judicial immunity, and statutory immunity pursuant to R.I.G.L. § 23-28.3-11. Because none of these types of immunity apply to Defendant Burlingame, his motion for summary judgment must therefore fail.

## II. LEGAL ARGUMENT

In order to defeat a motion for summary judgment, the opposing party must demonstrate, through ". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. . ." that there is a genuine issue of material fact such that a reasonable jury could find in the favor of the party opposing the motion. Fed.R.Civ.P. 56(c). *See also* Kelly v. Marcantonio, 187 F.3d 192, 198 (1st Cir. 1999), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 233, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because the types of

immunity that Defendant Burlingame asserts do not apply to this particular set of circumstances, Burlingame cannot gain summary judgment.

### A. PLAINTIFF HAS STATED A CAUSE OF ACTION AGAINST DEFENDANT BURLINGAME FOR CIVIL CONSPIRACY.

Defendant Burlingame asks that this Court dispose of the instant action based on the proposition that the Code of Ethics, R.I.G.L. § 36-14-5, does not give the Plaintiff a private cause of action. In the first instance, the numerous cases cited by the Defendant do not hold that there is no private right of action against the Code of Ethics. More importantly, Defendant Burlingame misconstrues the nature of the claim against him. The Count against Defendant Burlingame is not brought against him under the Code of Ethics. Instead, the Count against Defendant Burlingame is one for civil conspiracy. Under the statutes of this state, the Plaintiff clearly has a cause of action for conspiracy for violation of the Code of Ethics.

Conspiracy is specifically defined as a crime under R.I.G.L. § 11-1-6:

> Except as otherwise provided by law, every person who shall conspire with another to commit an offense punishable under the laws of this state shall be subject to the same fine and imprisonment as pertain to the offense which the person shall have conspired to commit, provided that imprisonment for the conspiracy shall not exceed ten (10) years

Violations of the Code of Ethics are offenses punishable under the laws of this state. R.I.G.L. § 36-14-19. Rhode Island law also specifically grants the right to pursue an individual for damages wrought by the commission of a crime. R.I.G.L. § 9-1-2. Accordingly, if one engages in a conspiracy with another to commit a violation of the Code of Ethics, R.I.G.L. § 9-1-2 grants a cause of action against that person. For that reason, Defendant Burlingame is incorrect when he claims that the Plaintiff has no private right of action; that right is clearly granted by statute.

**B. DEFENDANT BURLINGAME IS NOT PROTECTED BY THE DOCTRINE OF QUALIFIED IMMUNITY.**

Defendant Burlingame asserts that he is entitled to qualified immunity, and joins in the arguments of his Co-Defendants made in their own Memorandum in Support of Their Motion for Summary Judgment. The doctrine of “qualified immunity” shields public officers from claims brought under 42 U.S.C.A. § 1983, when the officer’s conduct does not violate clearly established constitutional rights which a reasonable person would have known. *See* Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S.Ct. 2727, 2738. 73 L.Ed 2d. 396 (1982). However, the Plaintiffs have asserted no § 1983 claims against Defendant Burlingame, and therefore the doctrine of qualified immunity is of no aid to him.

**C. DEFENDANT BURLINGAME IS NOT PROTECTED BY QUASI-JUDICIAL IMMUNITY.**

Defendant Burlingame also asserts the doctrine of quasi-judicial immunity. The doctrine of quasi-judicial immunity applies to public officials when they have acted in the course of their decision-making duties. *See* Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 6-7 (1st Cir. 1987). The purpose of the doctrine of quasi-judicial immunity is much the same as judicial immunity; that is, it ensure that a public official can adjudicate cases coming before him or her without fear of lawsuit from disappointed litigants. *See id.*

The doctrine of quasi-judicial immunity, however, is sharply limited to instances in which the official is in fact acting in a judicial capacity, that is, when he or she decides disputes on their merits. *See* Forrester v. White, 484 U.S. 219, 224, 108 S.Ct. 538, 542 (1988); Bettencourt v. Bd. of Registration in Medicine, 904 F.2d 772, 782-83 (1st Cir. 1990). Plaintiff has never alleged that Defendant Burlingame ever acted in an adjudicatory capacity in this matter. Defendant Burlingame himself denies that he ever acted in an adjudicatory capacity

when the Plaintiff's matters came before the Fire Board. (Defendant Burlingame's Memorandum, p. 7.) Instead, the essence of the claim against Defendant Burlingame is that he conspired to use his office and regulatory power in order to obtain business referrals. These actions took place entirely outside of Defendant Burlingame's adjudicatory role. Accordingly, the doctrine of quasi-judicial immunity cannot dispose of this claim.

### D. DEFENDANT BULRINGAME IS NOT PROTECTED BY THE PROVISIONS OF R.I.G.L. § 23-28.3-11.

Defendant Burlingame also claims that he is immunized by the provisions of R.I.G.L. § 23-28.3-11. That statute provides:

> The commissioners and employees of the fire safety code board of appeal and review shall not render themselves liable personally, and they are hereby relieved from all personal liability *for any damage that may accrue to persons or property* as a result of any act *required or permitted* in the discharge of their official duties. Any suit instituted against any commissioner or employee of the Fire Safety Code board of appeal and review because of an act performed by him or her in the lawful discharge of his or her duties, and under the provisions of the Fire Safety Code, shall be defended by the legal representative of the state until the final termination of the proceedings. In no case shall the commissioners or employees be liable for costs in any action, suit, or proceedings that may be instituted in pursuance of the provisions of the Fire Safety Code, and any commissioner or employee, acting in good faith and without malice, shall be free from liability for acts performed under any of its provisions or by reason of any act or omission in the performance of his or her official duties in connection therewith.

(Emphases added.)

Contrary to Defendant Burlingame's assertions, the provisions of R.I.G.L. § 23-28.3-11 clearly do not shield him from accountability in causes of action of this nature. Plaintiff is not asserting damage "to persons or property" resulting from acts "required or permitted" resulting from actions taken in the course of Defendant Burlingame's duties. The actions of Defendant Burlingame were not taken in the course of his duties; he took the actions in question when he

was working for Hughes Associates. Conspiracies to violate the Code of Ethics for public officials are in any case not actions required or allowed in one's course of duties.

Furthermore, the claim against Defendant Burlingame does not involve a claim of damage to "person or property" under R.I.G.L. § 23-28.3-11. When construing R.I.G.L. § 23-28.3-11, we construe the term "damage that may accrue to persons or property" as that term would be commonly understood. ***See*** In re Estate of Buonanno, 909 A.2d 494, 497 (R.I. 2006). The terms "damage to property" is not commonly understood as including interference with economic interests flowing from some intangible property right, such as a franchise. ***See*** Rhode Island Dairy Queen v. Burke, 226 A.2d 420, 421-22 (R.I. 1967). Similarly, the term "damage to persons" would encompass one's physical, mental, or emotional well-being, or invasions to individual dignitary interests. ***See*** Commerce Oil Refining v. Miner, 199 A.2d 606, 610 (R.I. 1964). However, it would not be understood to encompass economic interests or rights related to property. ***See id.***

The instance claim involves neither damage to person or property. The essence of the claim against Defendant Burlingame is a breach of the public trust, that, is accepting business referrals from subordinates, that worked to harm the Plaintiff economically. Accordingly, the claim against Defendant Burlingame does not fall under the category of "damage that may accrue to persons or property." For that reason, the immunity given to members of the Board under R.I.G.L. § 23-28.3-11 does not insulate Defendant Burlingame from accountability.

**III. CONCLUSION**

For the above-referenced reasons, Defendant W. Keith Burlingame's Motion for Summary Judgment should be DENIED.

Narragansett Pellet Corp.
By its attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 31, 2007

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 31, 2007

**CERTIFICATION**

I, the undersigned, hereby certify that on August 31, 2007 I sent a true copy of the within by electronic service and/or fax and mail to all of the parties below:

Timothy Chapman, Esq.
Office of the City Solicitor
City Hall
145 Taunton Avenue
East Providence, RI 02914

Department of the Attorney General
150 South Main Street
Providence, RI 02903

Marc DeSisto, Esq.
2 Angell Street
P.O. Box 2563
Providence, RI 02906

/s/ Vicki J. Bejma